## A. E. GIRDNER, Respondent, v. ROY BRYAN, Appellant.

### Kansas City Court of Appeals, April 7, 1902.

1. **Appellate Practice:** BILL OF EXCEPTIONS: OUT OF TIME. A bill of exceptions filed out of time will not be noticed.

2. **Constitutional Law:** COMMON LAW: JURY VERDICT. A common-law verdict is a unanimous decision of twelve good and lawful men and such is the verdict guaranteed by the bill of rights, and a verdict not so rendered is a nullity.

3. ———: AMENDMENT: VERDICT. A verdict rendered after the November election, 1900, and before the nineteenth of December following must be a good common-law verdict to sustain a judgment.

4. **Appellate Practice:** VERDICT: JUDGMENT: JURISDICTION. Ordinary errors in the trial of a cause must be called to the attention of the trial court by an appropriate motion before the appellate court will review them; but where a verdict is a nullity as it appears on the record, the court has no jurisdiction to enter a judgment thereon and the appellate court will arrest the judgment.

Appeal from Mercer Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED AND REMANDED.

*Alley & Alley* and *Harber & Knight* for appellant.

(1) By constitutional provision the right of trial by jury with all its substantial incidents and consequences, is placed as at common law and beyond the reach of legislative or judicial interference. Foster v. Kirby, 31 Mo. 496; Henning v. Railroad, 35 Mo. 408; State ex rel. v. Withrow, 133 Mo. 500; O'Day v. Conn, 131 Mo. 321; State v. Bockstruck, 136 Mo. 335. (2) The constitutional amendment permit-

Girdner v. Bryan.

ting verdict to be returned in cases such as the one at bar, "by three-fourths of the members of the jury concurring," did not take effect, even if self-enforcing, until after the trial of this cause in court below. State v. Kyle, 65 S. W. 673. (3) Appellant, however, being entitled to a verdict of a jury of twelve men, and it appearing from the record proper that this he has not had, this cause must be reversed. Bateson v. Clark, 37 Mo. 31; Ancell v. City of Cape Girardeau, 48 Mo. 80; Railroad v. Carlisle, 94 Mo. 166; State ex rel. v. Scott, 104 Mo. 26; Land Co. v. Bretz, 125 Mo. 418; State v. Rowe, 142 Mo. 439; Meier v. Hinkson, 146 Mo. 458; Keaton v. Keaton, 74 Mo. App. 174; In Re Garrison, 77 Mo. App. 333.

*Fred W. Coon* and *Orton & Orton* for respondent.

(1) The fact that the foreman returned a verdict with the statement that it was concurred in by only nine jurors, was but an irregularity. For aught that appears it may have been agreed by all the jurors that the opinion of nine should be returned as the verdict of all. If this was error prejudicial to the appellant he should have then made objection and saved his exception, and brought it to the attention of the court by appropriate motions for a new trial and in arrest. (2) It was a question of procedure which should have been agitated in the trial court. Parson v. Randolph, 21 Mo. App. 353; Sweet v. Maupin, 65 Mo. 65; Riley v. Railroad Receiver, 72 Mo. App. 280; State ex rel. v. Bank, 144 Mo. 381; Alexander v. Relfe, 74 Mo. 495; Wiltshire v. Triplett, 71 Mo. App. 332.

SMITH, P. J.—This is an action which was brought before a justice of the peace to recover fifty dollars actual and fifty dollars punitory damages for the willful and wrongful killing, by defendant of a St. Bernard dog, the property of

the plaintiff. The cause was removed by appeal to the circuit court where there was a trial to a jury whose verdict, as appears from the judgment contained in the record, was: "We, the jury, by a vote of ten to two, find for plaintiff; and by a vote of nine to three assess the plaintiff's damages at ten dollars."

· The bill of exceptions was not filed until three days after the time which had been allowed by the order of the court for that purpose had elapsed; and we are therefore restricted in our examination of the case to the record proper. The bill of exceptions can not be noticed. If the verdict and judgment thereon were erroneous, then the error is patent upon the face of the record proper and may be reviewed here. The decisive question thus presented for decision is whether or not the verdict is legally sufficient to authorize the judgment.

By section 28 of our Bill of Rights (article 2 of the Constitution) it is provided that: "The right of trial by jury, as heretofore enjoyed, shall remain inviolate." The jury referred to and meant by this constitutional provision is that of the common law, composed of twelve men with all its incidents. As early in the history of the State as 1822 it was declared by the Supreme Court in Bank of Missouri v. Anderson, 1 Mo. 144, that the meaning of said provision was that with respect to facts, the trial shall be by twelve good and lawful men. They must all be under oath when they try a fact or cause; *they must all agree in their verdict;* and *the right to have disputed facts tried by such a jury and in such a manner, is to remain inviolate.* And this interpretation of the provision has never been questioned; but on the contrary has been so often approved by our Supreme Court that it may now be regarded as firmly established. Vaughn v. Scade, 30 Mo. 600; Merrill v. St. Louis, 83 Mo. loc. cit. 251; Railway v. Story, 96 Mo. loc. cit. 620; In re Essex Avenue, 121 Mo. loc. cit. 104; State v. Withrow, 133 Mo. loc. cit. 519.

It was said by the Supreme Court of New Hampshire in Copp v. Henniker, 55 N. H. loc. cit. 193: "The trial by jury secured to the subject by the Constitution is a trial according to the course of the common law, and the same in substance as that which was in use when the Constitution was framed (East Kingston v. Towle, 48 N. H. 64). And a trial by a jury of eleven men, *or a trial in which the verdict is given by the agreement of the eleven out of the twelve jurors would not be a trial by jury in a constitutional sense.* 41 N. H. 550; 2 Story Const., sec. 1779, n. 2; Cooley's Const. Lim. (6 Ed.), 392; Sedgwick on St. and Const. Law (2 Ed.), 493, n.; State v. Peterson, 41 Vt. 522. . . . A trial by a jury with the verdict given by eleven men out of twelve would not be a trial according to the course of the common law and would not be the same in substance as that which was in use when the Constitution was framed." And it is said in Cooley on Constitutional Limitations, section 392, that it is a very old requirement of the English common law that has been steadily adhered to, that the jury must unanimously concur in the verdict.

It is thus made plain that while the trial in the present case was by a jury, there was not a unanimous verdict of the twelve, and therefore not a trial by jury in the constitutional sense. The verdict was in legal effect no verdict at all. It was no more than a verdict that "we the jury agree to disagree," upon which no judgment could be given. The verdict was returned on December 13, 1900, and before the adoption of the amendment to the Constitution authorizing a verdict, in cases like the present, where three-fourths of the jury concur. That amendment was adopted by a vote of the people at the election held on the eighth day of November, 1900, and did not become operative until the canvass of the vote on the nineteenth day of December, following. State v. Kyle, 166 Mo. 287, 65 S. W. 763. The verdict is therefore not helped

by the adoption of the constitutional amendment just referred to.

It is the defendant's contention that though it appears from the record proper that the verdict was not one in which the twelve jurors who were sworn to try the case concurred, yet as no objection was taken to it by a motion in arrest it is impregnable to attack. It is true, that the general rule of practice prevailing in the appellate courts is that they will not notice irregularities occurring or committed in the trial courts unless the attention of the latter court is first called thereto by an appropriate motion. Sweet v. Maupin, 65 Mo. 65. As has already been stated, the trial court entered a judgment on a verdict which was no verdict; and in doing so, it exceeded its jurisdiction. For although that court had jurisdiction of the cause, it was without jurisdiction to give a judgment on a verdict which in the absence of the consent of parties could not have been rendered and was therefore a nullity. A court may have authority to hear and determine a case, but its determination or judgment must be within the confines of the law; but if it act without authority its judgments are void, even in a collateral attack. Ex parte O'Brien, 127 Mo. 477. As it appears from the face of the record proper that the trial court was without jurisdiction to render the judgment; or, in other words, as it appears from said record that the action of the court in entering the judgment was a proceeding by it that was *coram non judice,* we do not think the rule of practice previously herein referred to is applicable.

The judgment, we think, was entirely unauthorized and erroneous, and it must be reversed and cause remanded, which is accordingly ordered. All concur.