MARSHALL, Appellant, v. ARMSTRONG, Respondent.

### St. Louis Court of Appeals, February 2, 1904.

1. **VERDICT:** Majority Verdict. Under the amendment to the Constitution, adopted in 1900, a majority verdict may be rendered, but it must be concurred in by at least three-fourths of the jury; a less number can not render a legal verdict.

2. ————: Counterclaim: Separate Findings. On the trial of a cause where the defendant filed a counterclaim, a verdict which failed to have separate findings on plaintiff's cause of action and on defendant's counterclaim was incomplete.

Appeal from Scott Circuit Court.—*Hon. H. C. Riley,* Judge.

REVERSED AND REMANDED.

*Marshall Arnold, J. F. Green* and *Martin L. Clardy* for appellant.

(1) Upon the face of the record the judgment is erroneous, as it is shown to have been rendered on a finding and verdict of seven jurors. Bank v. Anderson, 1 Mo. 244; State v. Mansfield, 41 Mo. 470; Vaughn v. Skade, 30 Mo. 603; Tapley v. Matson, 38 Mo. 489. (2) The case was tried upon issues not raised by the pleadings. Defendant's answer pleaded a counterclaim in his favor for five hundred dollars ($500.00) against the firm of Marshall & Brother.

This was not a mutual indebtedness between the parties and was not the subject of set-off or counter-claim. R. S. 1899, sec. 4487; Payne v. O'Shea, 84 Mo. 129. (3) There is no finding by the jury on the issues made in the pleadings. Henderson v. Davis, 74 Mo. App. 1; Pope v. Ramsey, 78 Mo. App. 157; Hitchcock v. Baugher, 44 Mo. 42; Cordage Co. v. Yeargan, 87 Mo. App. 565. (4) It is respectfully submitted that, upon the whole record, it is apparent that this case was tried upon issues not raised by the pleadings and that there is no substantial evidence to support the finding of the jury. Fairchild v. Creswell, 109 Mo. 29; Hunt v. Railroad, 89 Mo. 607. And, for the reasons heretofore stated, the judgment should be reversed.

*Frank Kelly* for respondent.

(1) The clerk has set out the verdict, and followed it with the names of seven of the jurors, but for aught the record shows it is the verdict of the twelve. All twelve men may have agreed to the verdict when it was returned, although previously signed by seven of them; it may have been agreed to accept the verdict of a majority, and the record fails to show the agreement; it may have been intended to be a verdict of three-fourths of the jury and two jurors failed to sign it. The act of following the verdict with the names of seven of the jurymen in the body of the judgment, was the act of the clerk and not that of the court, and matters not part of the record can not be made such by recital of the clerk. Nicholas v. Stevens, 123 Mo. 119. (2) In the absence of evidence in the record to the contrary, it will be presumed that the acts and rulings of the trial court were correct. Borth v. Gilbert, 85 Mo. 125. The trial court will not be put in the wrong unless the record affirmatively shows error on its part. Mumsford v. Keet, 71 Mo. App. 537. The silence of the record in regard to the verdict affords the presumption that the plaintiff

agreed to it. Sullivan v. Knights of Father Mathew, 73 Mo. App. 46. (3) If there were error in the formality of signing the verdict, objection would have to be taken by motion in arrest, or it will be waived. Catell v. Dispatch Pub. Co., 15 Mo. App. 587; Stone v. Taylor, 72 Mo. App. 486; Rothschild v. Lynch, 76 Mo. App. 346; Clark v. Porter, 90 Mo. App. 153; Henderson v. Davis, 74 Mo. App. 5; Briggs v. Railway, 111 Mo. 175; Bank v. Howell, 79 Mo. App. 320. Mere formal defects, patent of record, not sufficient to reverse judgment unless advantage thereof is taken by motion. Singer Mfg. Co. v. Stevens et al., 169 Mo. 1; Duncan v. Oliphant, 59 Mo. App. 1; Provo Mfg. Co. v. Severance, 51 Mo. App. 260; Hopper v. Hopper, 84 Mo. App. 117. (4) If the court were to believe three-fourths of the jury undertook to return the verdict, but it is not known whether they did or not, and two jurors failed to sign it, it is a mere formal omission that will not render the verdict void. Statutes requiring verdicts to be signed are regarded as directory. 22 Encyclopedia of Pleading and Practice, 897, sub. 4. "Written verdicts and following titles;" Gurley et al. v. O'Dwyer, 61 Mo. App. 348. Possibly objection is found to the general verdict of the jury on the counterclaim, but this kind of verdict is good. Erdbrueger v. Mier, 14 Mo. App. 258; Taylor v. Short, 38 Mo. App. 21; Hackworth v. Zeitinger, 48 Mo. App. 32; Bacon v. Perry, 25 Mo. App. 73. (5) In civil cases appellate courts examine only points assigned as error. Powell v. Moeller, 107 Mo. 471; Long v. Long, 96 Mo. 180.

STATEMENT.

Appellant brought this action against defendant to recover balance claimed on a lengthy account, of which an itemized statement accompanied the petition as an exhibit thereto. Defendant's answer was a general denial, united with an affirmative plea that plain-

tiff was indebted to defendant for building a school-house in sum of $500, for which judgment was asked.

Evidence was introduced tending to show that plaintiff was conducting a lumber business individ-ually, and had sold the account of lumber detailed to defendant, and the balance of $439.37 was due him; that he was also engaged under the name of Marshall & Brother in general store, but this account had no connection with such firm business. Defendant in turn testified that there were 36,000 shingles, worth from $2 to $2.25 per thousand, charged in the account, in excess of the number actually delivered, but the account in other regards was not disputed; he stated further that he built the schoolhouse for $464, under contract with the school board, and gave Sterling Marshall the war-rant for that amount received, and was entitled to a credit therefor. Additional testimony of a cumulative or corroborative nature, unnecessary to recite, was also offered.

The court submitted the case to the jury upon two instructions, as follows:

"The court instructs you that, if the account sued on is proved, but payment thereof is claimed by defend-ant, the burden of proving such payment rests on de-fendant.

"The burden of proof to make out his case by a preponderance or greater weight of evidence rests upon the plaintiff, and unless you believe he has done so, your finding should be for the defendant."

The jury returned a verdict signed by seven of their number, in the form thus:

"We the jury, find the issues for the defendant, and assess his damages at eighty-eight and 75-100 dol-lars."

The court rendered judgment against plaintiff and in favor of defendant for the latter sum, and after un-successful motion for new trial, plaintiff has appealed.

REYBURN, J., (after stating the facts as above).

1.   The plaintiff was entitled to a verdict, under the amendment to the constitution, concurred in by at least three-fourths of the members of the jury, and the verdict as rendered by seven jurors, was fatally defective and in legal effect no verdict at all.   Girdner v. Bryan, 94 Mo. App. 27.

2.   The form of the verdict was incomplete in containing no finding upon all the issues submitted to the jury; there should have been separate findings upon plaintiff's cause of action and defendant's counterclaim respectively.   Henderson v. Davis, 74 Mo. App. 1; Hitchcock v. Baughan, 44 Mo. App. 42.

3.   As the case must be remanded to the lower court for retrial, it may be proper to suggest that if the counterclaim sought to be interposed by defendant, if it be proper matter of counterclaim or offset to plaintiff's demand, which we do not deem necessary to decide in the condition in which the case is before this court, be still relied on, the answer setting it up should be amended in conformity to the facts out of which it is alleged to have arisen.

Judgment reversed and cause remanded.   *Bland, P. J.,* and *Goode, J.,* concur.