AMERICAN STANDARD JEWELRY COMPANY *v.* WITHERINGTON.

Opinion delivered December 17, 1906.

1. FRAUD—EFFECT.—Where plaintiff's agent fraudulently took advantage of defendant's illiteracy by concealing a clause in a written contract about to be signed by defendant, such clause was not binding on defendant. (Page 135.)

2. EXPRESS COMPANY—DELIVERY.—It is the duty of an express company to make personal delivery of packages, except where the place is so small as not to justify the employment of messengers, or where the consignee does not reside within a reasonable distance of the office for personal delivery, in which case prompt notice must be sent. (Page 136.)

3. CARRIER—DUTY TO NOTIFY CONSIGNEE.—Before a carrier can be put in default for failure to give notice of the arrival of a package, it must be properly addressed to the usual shipping place of the consignee, unless some other place is contracted for. (Page 136.)

4. SALE OF CHATTEL—NONDELIVERY BY CARRIER AS DEFENSE.—Where by the seller's negligence goods were shipped to a place not the buyer's usual shipping point, and the buyer failed to receive them, the seller could not recover their value. (Page 137.)

Appeal from Calhoun Circuit Court; *Charles W. Smith,* Judge; affirmed.

*Thornton & Thornton,* for appellants.

*Campbell & Stevenson,* for appellee.

If one party induces another to sign a contract without reading it, this may give the signer, if he be deceived thereby, the right to avoid the contract as fraudulent. 9 Cyc. 390; 17 Ark. 498. A contract is an entire thing, and when altered in any of its integral parts is not the same contract. 5 Ark. 655. A general objection to an instruction has been condemned. 65 Ark. 259; 73 *Id.* 534. Objections to a number of instructions in gross will not be entertained. 38 Ark. 528; 39 *Id.* 337; 59 *Id.* 314.

HILL, C. J. Witherington entered into contract with appellant company to purchase a lot of jewelry; he could not read or write, and called his daughter-in-law, who was assisting him in the store, to sign his name for him. The jewelry was shipped by express to Bearden, Arkansas, a railroad and express station not far from Woodberry, an interior hamlet, where Witherington resided. It was directed to Witherington at Woodberry, care of express agent at Bearden. After staying at Bearden for several weeks, the jewelry was returned to the shipper. The contract contains this provision:

"When we deliver goods to transportation company in good order, they become the property of the purchaser, subject to all the conditions and safeguards contained herein. Purchaser pay all transportation charges. All goods are shipped at our earliest convenience."

There was evidence tending to prove that the agent of appellant committed a fraud on Witherington in the procurement of the contract in taking advantage of his illiteracy by purporting to read the contract to him when in fact he omitted important and material terms thereof, including the above. That the goods were purchased at the price sued for is admitted, and the fraud only went to certain clauses in the written contract. Concealment or misrepresentation to an illiterate person of matters in writing will avoid such matter. 1 Page on Contracts, § 64; 9 Cyc. p. 390; *Jones* v. *Austin,* 17 Ark. 498.

The question of fraud was submitted to the jury under an instruction fairly accurate, which was not excepted to, and the finding, in effect, is that the above clause, and others not important to this discussion, were fraudulently inserted. If the above-quoted clause was in the contract, the goods became Witherington's on delivery to the carrier. If that clause was not binding, and the verdict takes it out of the contract, then Witherington's liability rests on whether the delivery to the carrier was delivery to him. At the bottom of the contract, after Witherington's signature, was a statement that the jewelry was to be sent by express to Bearden; but this was no part of the signed contract, and there was no evidence of a direction that the goods were to be sent there.

Witherington testified that Camden was his freight station. but that he sometimes received a little at Bearden, and that he did not receive any notice from the express company or any one else that the jewelry was sent to Bearden. The appellant does not show notice was given of the shipment and its destination. and Witherington swears that he received no notice of it.

It is the duty of an express company to make personal delivery of packages, except where the place is so small as not to justify employment of messengers, or where the consignee does not reside within a reasonable distance of the office for personal delivery, when prompt notice must be sent. Hutchinson on Carriers, § § 379, 380; 6 Cyc. p. 466.

Generally, it is the duty of the carrier to give notice of the arrival of goods. *Turner* v. *Huff,* 46 Ark. 225; *Ry. Company* v. *Nevill,* 60 Ark. 375.

It might be important to determine whether the carrier in this instance was the agent of the consignor or consignee, eliminating the contract as to delivery as the verdict has done, and that subject has received recent consideration. *Gottlieb* v. *Rinaldo,* 78 Ark. 123; *Templeton* v. *Eq. Mfg. Co.* 79 Ark. 456.

But, before the carrier can be put in default for failure to give the notice, the package must be properly addressed to the usual shipping place unless some other place is contracted for. Hutchinson on Carriers, § § 216, 349*b*; 6 Cyc. 467; *Gottlieb* v. *Rinaldo,* 78 Ark. 123.

Here the undisputed evidence is that it was sent to a place

not the usual shipping point of Witherington, and this placed the shipper in default before the default of the carrier occurred, and disabled appellant from recovering. Hutchinson on Carriers, § 216.

Affirmed.