## CARPENTER *v.* WAYNE.

### Opinion delivered March 22, 1920.

1. VENDOR AND PURCHASER—FRAUD.—Where the purchaser could not read a contract prepared by the vendor, and relied upon the latter's assurance that the contract as drawn contained a certain provision, when it did not contain such provision, the contract is void for fraud.

2. TRIAL — AGREEMENT TO MAJORITY VERDICT.—While the law requires in civil cases that the entire jury agree, the parties may agree that a majority verdict be rendered.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy,* Judge; affirmed.

*John L. Hill,* for appellant.

This case is based on a written contract signed by both parties and is for damages for breach, and the court erred in holding that the measure was the plaintiff's incidental expenses and the difference between the market value of the land on the date of the contract and the value on March 17, 1919. If we are entitled to recover at all, we are entitled to full restitution, including incidental expenses and profits lost by the breach. 69 Ark. 219; 85 Ark. 289; 37 Am. St. 611; 13 Cyc. 49. The contract

was written, and it was error to admit oral testimony contradicting it. Bishop on Cont., § 346; Chase's Stephens' Digest of Ev. (2 Ed.), 219. The verdict is contrary to both the law and the evidence.

*Davis & Bohlinger,* for appellee.

Appellee's contention of fraud is amply supported by the law and the evidence. 17 Ark. 499; 35 *Id.* 483.

There was no objection made to the form of verdict, and the instructions properly declare the law.

SMITH, J. This suit was brought by appellant to recover damages for an alleged breach of a contract to purchase a forty-acre tract of land owned by appellant.

It is first insisted that the instructions gave an erroneous measure of the damages. But it is unnecessary to decide that question, as the jury found for the defendant on the theory, evidently, that no valid contract existed, as a finding in some amount would have been required under the instructions which were given if the jury had found there was a valid contract.

Appellant offered in evidence a contract, which appellee admitted having signed, and appellant and his son testified that, after appellant had prepared the contract, he read it over to appellee, who then signed it. Appellee denied this, however, and testified that he was an illiterate man, and that while he could write his name he could not read. He testified that the contract was upon condition that he should sell his cotton for thirty cents per pound; that appellant did not read the contract over to him but told him that the contract as written contained that condition, and that he signed the contract relying upon appellant's statement; and that he obtained only twenty-three cents for his cotton and was, therefore, unable to buy the land. He admitted that he was given a copy of the contract, but stated that he got it wet in a rain so that it was unintelligible and could not be read by his wife when he reached home.

The court gave an instruction on this question which made the verdict dependent on which version was found

to be true, and the jury's verdict has resolved the question of fact against appellant. No error was committed in this respect. If appellee could not read the contract, and relied upon appellant's assurance that the contract as drawn contained a condition in regard to the price of cotton, upon which it was contingent, when, in fact, it did not contain that condition, then the contract was void because of the fraud practiced. *Jones* v. *Austin,* 17 Ark. 498; *American Standard Jewelry Co.* v. *Witherington,* 81 Ark. 134.

After having had the case under consideration for some time, the jury was unable to agree. The parties then agreed that a majority verdict might be returned, whereupon the jury returned the following verdict: "We, a majority of the jury, find for the defendant." Counsel for appellant insists that, notwithstanding the agreement that a majority verdict might be returned, the verdict is a nullity because of its form, as under the law there is no verdict unless the entire jury agrees. This would be true, of course, but for the agreement. The contention, however, ignores the agreement. The parties were *sui juris,* and had the right to make any lawful agreement they pleased to expedite the trial. Here appellant, as plaintiff, could not have recovered without the concurring vote of all the jurors; whereas the agreement would have permitted him to recover upon the vote of a majority only. But appellee would have been equally bound had the result been against him. The legal effect of the agreement was that the verdict of the majority should become and be treated as the verdict of the entire jury. This was not a verdict by lot, nor was it otherwise unlawful, and the parties are, therefore, bound by the verdict. *Northern Bank* v. *Buford,* 1 Duv. 335. Judgment affirmed.