ERICH NEUMANN and PAULINE NEUMANN, Plaintiffs, *v.* CHARLES KUREK and FIGGE & HUTWELKER Co., Defendants.

Supreme Court, Special Term, New York County, November 1, 1940.

*Gustave B. Garfield,* for the plaintiffs.

*William M. Killcullen,* for the defendant Charles Kurek.

*Frank W. Harris,* for the defendant Figge & Hutwelker Co.

PECORA, J. This is an application by the plaintiffs in an action to recover damages for breach of warranty, (1) to strike out as void a judgment for costs entered in favor of the defendant Kurek; (2) to declare the jury's verdict a nullity, and (3) to direct a retrial of the issues. The motion is made " upon the sole ground that the said purported verdict and the judgment entered thereon is contrary to and violative of section 2 of article 1 of the Constitution of the State of New York and section 463-a of the Civil Practice Act, and that the parties to the action were powerless to waive the foregoing constitutional provisions and the statutory enactment whereby a verdict was to be rendered by less than five-sixths of the jury, and that in consequence, the verdict of nine jurors finding in favor of defendant Charles Kurek is a nullity."

During the course of the trial one of the twelve jurors asked to be excused from further consideration of the case. Counsel for the plaintiffs refused to agree to excuse the juror unless the attorneys for the defendants stipulated that a verdict of nine of the remaining eleven jurors (slightly less than five-sixths) would be accepted as a valid verdict. The attorneys for the defendants finally receded from their original insistence that a verdict of not less than ten jurors be required, and agreed to accept a verdict of nine. On the morning of the following court session, a formal stipulation embodying the agreement was entered into by counsel for all of the parties, and was duly entered in the minutes in open court. The trial continued for five days thereafter without any objection to the stipulation or any effort to revoke or modify it in any respect. At the conclusion of the trial, this court charged the jury that counsel for all of the parties had agreed to accept a verdict concurred in by not less than nine of the eleven jurors remaining in the case. No objection or exception to the charge was taken by plaintiffs' trial counsel nor by their attorney of record, both of whom were present at the time. The verdict thereafter rendered by the jury represented the views of nine of the eleven jurors, the other two favoring a verdict for the plaintiffs. A motion by plaintiffs' counsel to set aside the verdict and for a new trial was thereupon made and denied. That motion was based solely upon the ground that the verdict was against the weight of the evidence, and no attempt was made to question the validity of the verdict on the ground that it was found by less than five-sixths of the eleven members of the jury.

The only question presented on the instant application is whether the parties to a civil action may validly stipulate to accept a verdict of less than five-sixths of the jury. Plaintiffs contend that our State Constitution, as amended in 1938, forbids such an agreement because it prohibits the Legislature from authorizing the rendition of a verdict in a civil case by less than five-sixths of the jury. They cite as a supporting authority the case of *Cancemi* v. *People* (18 N. Y. 128, 136), in which it was held that the consent of the defendant in that case to being tried by eleven jurors was a nullity because (p. 136): " The substantial constitution of the legal tribunal and the fundamental mode of its proceeding are not within the power of the parties."

Plaintiffs have apparently overlooked the important distinction which exists between civil and criminal cases in respect of the power of the parties to stipulate away constitutional provisions in their favor. The very case upon which plaintiffs place their reliance (*Cancemi* v. *People, supra*), emphasizes that distinction as follows (pp. 135, 136):

" There is, obviously, a wide and important distinction, between civil suits and criminal prosecutions, as to the legal right of a defendant to waive a strict substantial adherence to the established, constitutional, statutory and common law mode and rules of judicial proceedings. This distinction arises from the great difference in the nature of such cases in respect to the interests involved and the objects to be accomplished.

" Civil suits relate to and affect, as to the parties against whom they are brought, only individual rights which are within their individual control and which they may part with at their pleasure. The design of such suits is the enforcement of merely private obligations and duties. Any departure from legal rules in the conduct of such suits, with the consent of the defendants, is therefore a voluntary relinquishment of what belongs to the defendants exclusively; and hence there is manifest propriety in the law allowing such consent to have the effect designed by it, in most cases, as to matters within the jurisdiction of the courts."

The decision of the Court of Appeals in that case, to the effect that the defendant's consent to be tried by less than twelve jurors was a nullity, was predicated upon the fact that he was the defendant in a *criminal* prosecution. It is to be noted the Constitution in force at that time (State Const. of 1846, art. 1, § 2), although permitting a waiver of a trial by a jury " in civil cases," contained no authorization of a similar waiver in criminal cases, even those in which the crime charged was not punishable by death. Our present Constitution, however, permits the waiver of a jury trial even in criminal cases " except those in which the crime charged may be punishable by death."

Although constitutional provisions guaranteeing a jury trial have been held to require a jury of twelve men (*People ex rel. Comaford* v. *Dutcher*, 83 N. Y. 240, 242; *Smith* v. *Western Pacific R. Co.*, 203 id. 499, 503), it is well settled that in a civil case the parties may stipulate to proceed with only eleven jurors. (*Giovanniello* v. *Germeroth*, 243 App. Div. 624.) Indeed, the Constitution itself expressly permits the parties in all civil cases to waive the jury in its entirety — " a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law." (Art. 1, § 2.) One of the methods of waiver prescribed by law is: " By an oral consent in open court entered in the minutes." (Civ. Prac. Act, § 426, subd. 3.) If the parties to a civil case may validly agree to have their rights determined without any jury or with a jury of eleven or less members, it follows that they may with equal validity consent to accept a verdict arrived at by a specified number of jurors, even that of a bare majority. A party may waive constitutional rights

designed for his benefit. (*Baird* v. *Mayor*, 74 N. Y. 382, 386.) It is interesting to note that, notwithstanding the constitutional right of a jury trial contained in the Seventh Amendment to the Federal Constitution, the United States Supreme Court has adopted a rule which expressly provides that " The parties may stipulate that the jury shall consist of any number less than twelve or that a verdict or a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury." (Rules of Civil Procedure of the District Courts of the United States, rule 48.) This clearly indicates that our highest court deemed it to be within the power of the parties in civil causes to consent to the acceptance of a verdict of even a bare majority of the jury, despite the constitutional guaranty of a jury trial. (See 25 Va. L. Rev. p. 287 [note 94].)

Nor is there any merit in the argument of plaintiffs' counsel that the provision of our present State Constitution that " the Legislature may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case," prohibits the *parties* to a civil cause, as well as the Legislature, from arranging for a verdict from less than five-sixths of the jury. The language of the amendment was obviously intended only to forbid the *Legislature* from *compelling* the parties to a civil cause to submit *against their wishes* to the acceptance of a verdict of less than five-sixths of the jury. There is nothing in the language of the amendment which even suggests an intention to make it unlawful for the parties themselves to agree to accept a verdict of less than five-sixths of the jury.

The case of *Moot* v. *Moot* (214 N. Y. 204), cited by plaintiffs' attorney, related solely to the power of the justices of the Appellate Division to promulgate a rule for the waiver of a jury trial in a manner not prescribed by the Legislature. No question was there involved as to the power of the parties themselves by consent to waive their rights under constitutional provisions relating to jury trials.

It follows from the foregoing that plaintiffs' consent to accept a verdict of nine of the eleven jurors as the verdict of the jury was valid and binding, and that their present motion to cancel the judgment and declare a mistrial must be denied. It accordingly becomes unnecessary to consider the various procedural objections interposed by the plaintiff. The motion is denied. Settle order.