52485. PHILLIPS et al. v. MEADOW GARDEN HOSPITAL, INC. et al.

CLARK, Judge.

This appeal by trial court plaintiffs questions the legality of a judgment for defendants entered upon a verdict rendered by ten out of twelve jurors. Such less-than-unanimous verdict was based upon a stipulation by the parties "That the decision or vote of ten of the jurors be taken as the verdict of the jury on all issues." If we conclude that such verdict is valid, we are then called upon to determine if such stipulation which had been approved by the court below is binding upon the minor litigants.

Plaintiffs were a widower and his two minor children who sued for the alleged wrongful death of Carolyn Phillips, the wife and mother respectively of appellants. There were four defendants, they being the Meadow Garden Hospital, a physician, and two drug companies. The two drug companies were voluntarily dismissed during the trial. The trial consumed eight calendar weeks.

As the jury was apparently deadlocked after a considerable period of deliberations, the parties made this agreement: "It is Hereby Stipulated, that the decision or vote of ten of the jurors be taken as the verdict of the jury

on all issues." That stipulation in open court was signed by counsel for all parties and approved by the judge. Thereafter, the jury returned the following verdict: "We, the jury, by vote of ten of the jurors, find in favor of the defendants." The verdict was made the judgment of the court and plaintiffs thereafter filed a motion for a new trial. Upon denial of this motion, this appeal followed.
*Held:*

1. The Federal Constitution does not require unanimous verdicts in the state courts. Maxwell v. Dow, 176 U. S. 581 (20 SC 448, 44 LE 597) (1900); Apodaca v. Oregon, 406 U. S. 404 (92 SC 1628, 32 LE2d 184) (1972). In many states, however, legislation providing for majority verdicts in civil actions has been held to be repugnant to the particular state constitution. See, e.g., Power v. Williams, 53 N. D. 54 (205 NW 9) (1925).

Appellants' able advocate in his erudite brief has traced the history of the shibboleth of the unanimous verdict in our state. His aim has been to persuade this court that "the common-law requirement of unanimity is forever guaranteed in Georgia or that any change therein is beyond the scope of the legislature" (page 24). In this effort counsel has begun with the 1843 decision[1] of *Campbell v. Wooldredge,* 2 Ga. Dec. 132, and quoted from many citations written with the eloquent pens of great jurists who have graced our appellate courts. But none of these cases holds a unanimous verdict to be a sine qua non in civil trials.

Voluntary relinquishment of rights was sanctioned under common law. In Georgia such intentional renunciation has been provided for by statute. Historically, every Georgia Code[2] has contained without

---

[1]The Superior Court reports covering selected decisions from 1805 to 1843 were known as T. U. P. Charlton, R. M. Charlton, Dudley, and Georgia Decisions. They have recently been published as one volume under the title of "Georgia Reports Annotated—Reprint Edition." See *King v. State,* 133 Ga. App. 426 (211 SE2d 363).

[2]Georgia has had seven codifications known

change the identical waiver language which appeared in our first Code as Section 11 and continued so that it is now § 102-106 in our current Code. It expressly states that ". . . a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." The citations under this section of the Annotated Code show judicial approval of waivers of many constitutional and statutory rights.

Appellants also argue that the stipulation is violative of our State Constitution. But this contention is without foundation as there is no provision in our State Constitution expressly requiring unanimous verdicts in civil cases. Art. VI., Sec. XVI, Par. I (Code Ann. § 2-5101) does guarantee the right of trial by jury. But this right may be waived and trial held before a judge alone. *Berry v. State,* 61 Ga. App. 315 (6 SE2d 148). Logically, the greater includes the lesser. Therefore, if the constitutional right to a jury may be waived, the right, if it exists, to a unanimous verdict, can also be waived. Further support to the right of parties litigant to stipulate in the manner done in this case is shown by the fact that even in criminal cases an accused may consent to trial by less than twelve jurors. *Timmons v. State,* 223 Ga. 450 (156 SE2d 68).

Appellants' reliance upon *Andrews v. Willis,* 133 Ga. App. 697 (212 SE2d 24) is misplaced. In that case we ruled that a stipulation that the children there involved were illegitimate was not binding because it was an erroneous conclusion of law. That is a different breed of animal from a stipulation whereby the parties do not undertake to state an agreement as to what is the law but instead voluntarily and knowingly surrender rights possessed under law.

Nor can we accept appellants' argument that the stipulation should be ruled illegal as against public policy. By statute the General Assembly provided by Rule 47 of the Civil Practice Act (Code Ann. § 81A-147) that "Parties may, by written stipulation, filed of record, stipulate that the jury shall consist of any number less

---

respectively as 1863, 1867, 1873, 1882, 1895, 1910, and 1933.

than that fixed by statute." Since the legislature has thus recognized that in civil cases there is nothing sacerdotal in the number twelve, we cannot say that the agreement to accept a verdict by less than twelve is contrary to public policy.

In federal courts, civil litigants cannot be deprived by statute of their Seventh Amendment right to a unanimous verdict. American Pub. Co. v. Fisher, 166 U. S. 464 (17 SC 618, 41 LE 1079) (1897). Nevertheless, the Federal Rules of Civil Procedure authorize civil litigants to stipulate for majority verdicts. For, "the system recognizes a distinction between depriving parties of the right to a unanimous verdict and allowing them to agree to a majority verdict." Comment, Waiver of Jury Unanimity—Some Doubts About Reasonable Doubt, 21 U. of Chicago L. Rev. 438 (1954).

Moreover, "If the parties to a civil case may validly agree to have their rights determined without any jury or with a jury of eleven or less members, it follows that they may with equal validity consent to accept a verdict arrived at by a specified number of jurors, even that of a bare majority. A party may waive constitutional rights designed for his benefit." Neumann v. Kurek, 175 Misc. 238 (22 NYS2d 950) (1940), affd. 35 NYS2d 264.

Inasmuch as plaintiffs agreed to accept a majority verdict, the trial court did not err in entering judgment upon the verdict.

2. The minor plaintiffs contend the stipulation to accept a majority verdict was not binding as to them because of their infancy. This overlooks the fact that the agreement made here by their next friend in their behalf was approved by the trial judge.

A next friend cannot unreasonably surrender a minor's substantial rights. *Carroll v. Atlantic Steel Co.,* 151 Ga. 378, 385 (106 SE 908). But " 'The next friend must not be denied such necessary incidental powers as will facilitate the fair adjudication of the infant's rights. This is necessary to their proper vindication, both in prosecution and defense. Where a compromise is fairly incidental to an action regularly brought, and is upon due judicial examination approved, the judgment, if not otherwise impeached, may be conclusive as in the case of

adults. . .' " See also *Petty v. Complete Auto Transit*, 215 Ga. 66 (108 SE2d 697).

Furthermore, in addition to the stipulation receiving the approval of the court, it was not prejudicial to the interests of the minor plaintiffs. In fact, the agreement was beneficial[3] to them since they then had to persuade only ten of the jurors. Accordingly, we hold that the minor plaintiffs were bound by the stipulation for a majority verdict. We decline to permit minor plaintiffs to take their chances on a majority verdict and, after failure, attack that verdict. *Walden v. Walden*, 128 Ga. 126, 132 (57 SE 323).

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED JULY 13, 1976 — DECIDED SEPTEMBER 10, 1976 —

*Ivey & Associates, O. Torbitt Ivey, Jr.,* for appellants.
*Fulcher, Hagler, Harper & Reed, Gould B. Hagler, Nixon, Yow, Waller & Capers, D. Field Yow, Wm. Byrd Warlick,* for appellees.

---

[3]The Association of Trial Lawyers of America (ATLA) supports as being favorable to plaintiffs Senate Bill S-2779 which provides for non-unanimous verdicts in Federal court trials.