**STATE of Missouri, ex rel. E. G. TURRI, Plaintiff,**

v.

**The Honorable James H. KEET, Jr., Judge of the Circuit Court of Greene County, Missouri, Div. 3, Defendant.**

**No. 12269.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 18, 1981.

C. Ronald Baird, Johnson, Lowther & Cully, Springfield, for plaintiff.

O. J. Taylor, Taylor, Stafford & Woody, Springfield, for defendant.

FLANIGAN, Judge.

Plaintiff in this prohibition proceeding, Rule 97,[1] is E. G. Turri ("Turri"). Defendant is Hon. James H. Keet, Jr., Judge of the Circuit Court of Greene County, Missouri, Division 3. The underlying action is Case No. CV 179–116–CC–3, pending before Judge Keet. The central issue is whether defendant judge would exceed his jurisdiction by setting aside a stipulation previously filed in the circuit court action. The stipulation deals with the control of certain funds pending the outcome of the litigation.

"[P]rohibition may be invoked to restrain the enforcement of orders beyond or in excess of the legitimate authority of the judge though the court over which he presides has general jurisdiction of the class of cases to which the one in question belongs." *State v. Owen*, 347 Mo. 1131, 152 S.W.2d 60, 64 (1941). After the trial court indicated his intention to sustain a "Motion for Relief from Stipulation," this proceeding ensued and this court issued a preliminary order in prohibition.

In the circuit court action Turri is plaintiff and the original defendants were Mitchell Carr ("Carr") and three corporations, one of which is Ozark Hardwoods, Inc. ("Ozark"). Later three corporations were added as parties. One of them is Augusta Logging Exporters, Inc. ("Logging"). Both Turri and Carr are shareholders and officers of the original three corporate defendants. Carr is an officer and the sole shareholder of Logging. In this prohibition proceeding the attorneys who represent defendant judge also represent the original defendants and Logging in the trial court.

The six-count original petition alleged, in general, that Carr had appropriated for his own use funds belonging to the three corporate defendants. The counts sought various

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

relief including an accounting, the setting aside of a deed, $1,000,000 in punitive damages, an order "returning the proper funds to the proper corporations," and a temporary restraining order. The original defendants and two of the added corporate parties asserted counterclaims against Turri, charging Turri with comingling funds of several of the corporations. The counterclaims sought an accounting and an award of punitive damages. The third added party was a corporation [International Timber Corp. ("Timber")] solely owned by Turri, and the counterclaimants sought similar relief against that party.

On April 2, 1979, while the action was pending on the original petition, and before Logging became a party,[2] the parties filed the stipulation set out marginally.[3] The brief of defendant judge says: "It is apparent that the affairs of the various corporations involved had been managed by Turri and Carr in such an unbusinesslike manner that, at the time of the stipulation, the parties themselves were not certain of the ownership of the inventory which was the subject of the stipulation, nor were they certain of the amounts owed between the parties and the various corporations."

After the stipulation had been filed Turri filed an amended petition seeking relief against the original defendants and against two of the added parties, including Logging.

In November 1979, after the amended petition and the counterclaims and cross-claims had been filed, pursuant to Rule 68 and at the request of all of the parties, the court appointed James O. Glauser, a certified public accountant, as master. The order of appointment recited that the master "shall direct himself toward the issues raised" in certain designated, but not all of the, counts of the various pleadings.

On February 6, 1981, the master filed his 134-page report. In March 1981 Turri and Carr each filed exceptions to the master's report. Also in March 1981 Carr, Ozark and Logging jointly filed a "Motion for Relief from Stipulation." That motion included the following:

"From a review of the master's report it is apparent that there is now no necessity for the holding of funds pursuant to said stipulation.... It is clear that Turri and Timber are the principal debtors of the other parties.... The bottom line is that the special master recommends that the stock of all corporations, other than [Timber], be turned over to defendant Carr and that plaintiff Turri pay to Carr the sum of $91,898.58.... The impounding of said funds has severely hampered the business activities of the various corporations involved, and continues to do so."

The prayer of the motion was that the court enter its order setting aside the stipulation and directing that "any funds presently held in the form of certificates of

---

**2.** As the opinion reflects Logging joined in the motion for relief from the stipulation and no assertion has been made that Logging is not bound by the stipulation.

**3.**                    STIPULATION
                    (Summarized)

Come now the parties to this action, by their respective counsel, and stipulate and agree as follows:

1. A dispute exists as to the ownership of "inventory consisting of walnut logs and/or lumber located on the premises of Ozark." Turri claims it is owned solely by Ozark. Carr claims that a portion is owned by Logging and Ozark owns the rest.

2. During March 1979, some of the disputed inventory was shipped by Logging to eight consignees. The invoices for the eight shipments totaled $108,517.56.

3. Upon the receipt by Logging of any payment with respect to the eight shipments, Logging will purchase a certificate of deposit in an amount equal to 50 percent of the payment. Each such certificate shall be issued to Logging and Ozark and delivered to O. J. Taylor, attorney for Carr. "Such certificate of deposit shall be held until such time as final disposition has been made of the issues between the parties in this cause of action, either by settlement, agreement or trial and final judgment."

4. In the event of future sale and shipment of any of the inventory, whether for the account of Ozark or Logging, any payment received by either corporation shall be placed in a certificate of deposit issued to Logging and Ozark and delivered to attorney Taylor for similar handling.

5. This stipulation is not an admission by any party as to any fact or issue.

deposit be available to the corporation producing the same in order that it may use it in its business activities."

It will be observed that the motion does not challenge the validity of the stipulation nor does it assert that the stipulation has been fully performed. The brief of defendant judge states: "We do not contend that there has been a settlement, agreement, trial or final judgment in the case below." The tenor of the motion is that the court should relieve the movants from the stipulation because of the contents of the master's report which was subsequently filed.

A stipulation is a proceeding in court, under the court's supervision, and is binding upon the parties "with whatever force and effect a proceeding in court may have until it is attacked or set aside." *State v. Jones*, 539 S.W.2d 317, 318 (Mo. App.1975); *Williams v. Wilder*, 397 S.W.2d 696, 704 (Mo.App.1965); *Landers v. Smith*, 379 S.W.2d 884, 888 (Mo.App.1964). The foregoing language, of course, contemplates a successful attack since it would be idle to enter into a stipulation which could be sidestepped by the mere making of a baseless challenge to it.

A stipulation is "controlling and conclusive and courts are bound to enforce [it]." *Pierson v. Allen*, 409 S.W.2d 127, 130 (Mo.1966). Where a stipulation neither concerns procedural statutes nor alters trial procedure and where there is no evidence that it was obtained by fraud, duress or mistake, it binds the trial court as well as the parties. *State v. Jones*, supra; *Pierson v. Allen*, supra.

Under some circumstances courts will relieve parties from a stipulation[4] but "relief is never granted merely for the reason that the case has gone contrary to the expectation of the stipulator." *Keller v. Keklikian*, 362 Mo. 919, 244 S.W.2d 1001 (1951); *Galbreath v. Rogers*, 30 Mo.App. 401 (1887). An appellate court will not ordinarily interfere with the action of a trial court on application for relief from a stipulation unless an obvious abuse of discretion is disclosed. *Huegel v. Huegel*, 329 Mo. 571, 46 S.W.2d 157 (banc 1932).

"[C]ourts ordinarily look with favor on stipulations designed to simplify, shorten, or settle litigation and save costs to the parties, and such stipulations should be encouraged by the courts rather than discouraged, and enforced by them unless good cause is shown to the contrary." 83 C.J.S. Stipulations § 2, p. 3.

The parties to the stipulation were represented by competent counsel. There is no proof nor even a claim that the stipulation was procured by fraud, duress or mistake. There has been no attack upon the stipulation's legality. It is the type of agreement which the parties could have entered into without making it a matter of record in the court action.

"The general rule is that a stipulation having all the binding force of a contract cannot be set aside on grounds other than those justifying the setting aside of contracts generally." 83 C.J.S. Stipulations § 35a, p. 90.

In *Cronacher v. Runge*, 98 S.W.2d 603, 605 (Mo.1936), the court said: "A party cannot even obtain rescission of a contract in equity merely because he finds that, in the light of changed conditions, he made a bad deal.... This contract clearly was not one that was absolutely void so that it could be disregarded as a nullity. Therefore, as long as it stood, it was a bar to the rights plaintiff sought.... Courts do not undertake to make new contracts between the parties merely because one of them may later become dissatisfied with the contract he made." The foregoing remarks are applicable to the instant stipulation.

The motion for relief from the stipulation contained no valid ground for its sustention and the trial court would exceed his jurisdiction by carrying out his announced intention to set aside the stipulation.

The preliminary order in prohibition is made absolute.

GREENE, P. J., and TITUS, J., concur.

---

4. See 161 A.L.R. 1161—Relief from Stipulations.