Robert LEWIS, Respondent,

v.

James VARGAS, Appellant.

No. WD 42292.

Missouri Court of Appeals,
Western District.

Feb. 27, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 27, 1990.

Application to Transfer Denied
May 15, 1990.

Larry Delano Coleman, P.C., Kansas
City, for appellant.

Howard D. Lay, of Dysart Taylor Penner
Lay & Lewandowski, P.C., Kansas City, for
respondent.

Before GAITAN, P.J., and CLARK
and MANFORD, JJ.

MANFORD, Judge.

This is a civil action for breach of con-
tract. The judgment is affirmed.

Appellant presents a sole point, charging
that the trial court erred in entering judg-
ment based upon a verdict rendered by less
than three-fourths of the jurors.

The pertinent facts are as follows:

The parties entered into an agreement
for the restoration of an automobile. They
got into a dispute over payment and appel-
lant refused payment on the premise that
the work had been done negligently. Prior
to trial, the parties stipulated on the record
to a six-person jury *and* to the rendition of
verdict by four or more jurors. During the
instruction conference, neither party ob-
jected to instructing the jury that four or
more of them must agree on the verdict.
Four of the jurors signed the verdict. The
trial court entered the judgment on the
verdict. In a post-trial motion, appellant
challenged the entry of judgment and this
appeal followed.

Appellant, the stipulation notwithstand-
ing, argues that the trial court lacked juris-
diction to accept and then enter a judgment
with less than three-fourths of the jurors in
support of it.

This court is referred to Mo. Const. Art.
I, § 22(a) (1945) and § 494.210, RSMo

1986.[1] Three-fourths majority requirements in jury verdicts has been addressed by our courts. *Marshall v. Armstrong*, 105 Mo.App. 234, 79 S.W. 1161 (1903) and *Girdner v. Bryan*, 94 Mo.App. 27, 67 S.W. 699 (1902). Both of these cases ruled that jury verdicts in civil cases must be supported by a three-fourths majority.

However, neither of the foregoing cases involved a stipulation such as found herein, and indeed by dictum the court indicated that the parties' consent to the majority verdict could have altered the final result.

What appellant actually attempts to do in this case is to challenge the validity of the stipulation.

■■■ A stipulation is an agreement between counsel with respect to business before the court. *Pierson v. Allen*, 409 S.W.2d 127, 130 (Mo.1966). Any matter involving the parties' individual rights and obligations among themselves may be properly made the subject of a stipulation, as long as the stipulation is not illegal, unreasonable, or against public policy, and does not interfere with the court's general powers, duties, and prerogatives. 83 C.J.S. *Stipulations* § 10(a) (1953). A party may waive by stipulation the benefit of a statute or constitutional provision enacted for the protection of the party where the stipulation involves a matter of private right. *Id.* § 10(c). A stipulation is binding upon the parties until successfully attacked or set aside. *State ex rel. Turri v. Keet*, 626 S.W.2d 422, 425 (Mo.App.1981). Relief from a stipulation is available only upon a showing of abuse of discretion and is never granted merely because the case has gone contrary to the stipulator's expectation. *Id.*

■■ No Missouri case, however, specifies whether the parties to a civil lawsuit are restricted from stipulating to a verdict with fewer than three-fourths of the jurors concurring. Authorities in other jurisdictions have uniformly supported stipulations similar to that *sub judice*. *Phillips v.*

*Meadow Garden Hospital, Inc.*, 139 Ga. App. 541, 228 S.E.2d 714, 716 (1976), and *Carpenter v. Wayne*, 143 Ark. 103, 219 S.W. 735 (1920), upheld stipulations to majority verdicts, in spite of constitutional requirements of unanimity. In *Neumann v. Kurek*, 175 Misc. 238, 22 N.Y.S.2d 950, 953 (1940), *aff'd*, 264 App.Div. 751, 35 N.Y. S.2d 264 (1942), the court reasoned that if parties to a civil case could consent to trial without any jury or with a jury of fewer than twelve members, then they could validly consent to a verdict by a specified majority of jurors. Emphasizing a party's right to waive a constitutional right designed for his benefit, the *Neumann* court found binding an agreement to accept a verdict by nine of eleven jurors when constitutional and statutory provisions required verdicts by not less than five-sixths of the jury. *Id. Kardibin v. Associated Hardware*, 284 Pa.Super. 586, 426 A.2d 649, 655–657 (1981), validated a stipulation that nine of eleven jurors could render verdict, even though the Pennsylvania Constitution required five-sixths majority verdicts in civil cases. In *MacConnell v. Maricopa County Medical Society*, 150 Ariz. 505, 724 P.2d 591, 593 (Ariz.App.1986), the parties' failure to object to an instruction providing for verdict by six of nine jurors constituted consent to such verdict, although Arizona law required a three-fourths majority verdict. *See* Annotation, *Validity of Agreement, By Stipulation or Waiver In State Civil Case, To Accept Verdict By Number or Proportion of Jurors Less Than That Constitutionally Permitted*, 15 A.L.R.4th 213 (1982). Notwithstanding the seventh amendment guarantee to a jury trial in federal civil cases, federal courts recognize the parties' prerogative to consent to a mere majority verdict. Under Federal Rule of Civil Procedure 48, the parties may stipulate that a verdict of a stated majority shall be taken as the verdict.

It follows from the foregoing authority that the stipulation to accept a verdict by four of the six jurors was valid and binding, and that no abuse of discretion result-

1. This section was repealed and superceded by § 494.490, RSMo 1986 which also calls for a three-fourths majority in verdicts.

ed from the failure to vacate the judgment. The record clearly shows that counsel for both parties affirmatively accepted the stipulation and that neither counsel voiced any opposition to the instruction implementing the stipulation. The stipulation affected litigation of the parties' dispute in a purely private contract action. The stipulation entailed no interference with the court's authority and promoted public policy by simplifying and shortening litigation. Upholding civil litigants' stipulation to a verdict below the three-fourths majority is a logical extension of their rights to stipulate to trial without any jury or with fewer jurors than twelve. *See* Rule 69.01(b); *Ritschy v. Garrels,* 195 Mo.App. 670, 187 S.W. 1120, 1121 (1916); *Lohnes v. Baker,* 156 Mo.App. 397, 137 S.W. 282, 284 (1911).

Respondent has requested damages for frivolous appeal. This is denied.

The judgment is in all respects affirmed.

All concur.