509 P.2d 1064

**Roy MOSER et al., Appellants,**

**v.**

**MARDIAN CONSTRUCTION COMPANY, an Arizona corporation; and David H. Long, Appellees.**

**No. I CA–CIV. 1724.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 15, 1973.

Rehearing Denied June 14, 1973.

Review Denied July 17, 1973.

Richmond, Ajamie, Fay & Warner by Jack C. Warner, Phoenix, for appellants.

Moore, Romley, Robbins & Green by Craig R. Kepner, Phoenix, for appellees.

JACOBSON, Chief Judge, Division 1.

Plaintiffs in this personal injury-automobile accident action appeal from the judgment of the superior court, contending that the court erred in instructing the jury and alleging misconduct of counsel constituting prejudicial error.

Plaintiffs-appellants, Roy Moser and Ola Moser and Linda Love and Mildred Love, brought an action against defendants-appellees, David H. Long and his employer, Mardian Construction Company, arising out of an automobile accident occurring on November 13, 1968.

The matter was tried to a jury which returned verdicts in favor of the defendants against Linda Love and Mildred Love and in favor of Roy Moser and Ola Moser against the defendants in the sum of $2,800.00. Both sets of plaintiffs have appealed the judgment entered on those verdicts.

The facts taken in the light most favorable, sustaining the jury's verdicts, are as follows:

On the afternoon of November 13, 1968, Linda Love was driving her automobile in which her mother, Mildred Love, was a passenger, in a northerly direction on the Maricopa Freeway in Phoenix, Arizona. At the same time Ola Moser, the sole occupant of her vehicle, was also driving in a northerly direction on the same freeway, and the defendant David Long was also driving his employer's truck in the same direction on the same freeway. The pavement on the freeway was slippery and wet due to a drizzling rain. Immediately prior to the accident and prior to any of the vehicles reaching the Adams Street off-ramp, the Moser vehicle was in front followed by the Mardian truck which in turn was followed by the Love vehicle.

All three vehicles were travelling in the right-hand lane of traffic, when the Love vehicle overtook and passed the Mardian truck. After the pass was completed, the Love vehicle signalled to exit at the Adams Street off-ramp. Rather than proceeding normally, Linda Love suddenly applied her brakes. Because of the condition of the pavement Long was unable to stop the Mardian truck and swerved to the left to avoid hitting the Love vehicle. This maneuver was partially successful, leaving only an eight inch scratch on the left rear door of the Love car. However, the truck began to spin and slammed into the rear of the Moser automobile and ended up facing in the opposite direction of travel.

During defense counsel's opening remarks to the jury, he made the following comment:

"I think another significant thing is that within days, and I mean within the week at the most, she [Ola Moser] was represented by counsel, ladies and gentlemen, and I suspect that the evidence will show to you if there is liability on the part of Mardian and the part of Mr. Long, which may well be the case, that the injuries and the damages which Mr. Warner told you about just don't exist, ladies and gentlemen."

Plaintiff moved for a mistrial which was denied. During the cross-examination of the plaintiff Linda Love, defense counsel asked the following questions:

"You were in touch with Mr. Warner or a representative of his office within what? Three or four days, five, maybe, within a week of the accident?"

This question was objected to, and the objection was sustained.

In cross-examination of plaintiff Roy Moser, the following occurred:

"Q. You and your wife went to a lawyer within a few days after this accident, didn't you?

"A. About ten days to two weeks.

"Q. By that time she hadn't had any therapy of any kind, had she?

"A. No, just Dr. Roberts' treatments, I would say, medicines."

No objection was made to these questions and answers.

■ The plaintiffs further complained of certain conduct of the defendant Long and his wife which they characterized as "jury-currying behavior." However, the record is completely devoid of any support of such activity, and we must assume that since plaintiffs did not feel that it was of such import as to make such activity a matter of record, this court is not justified in reversing on this ground.

At the time of settling instructions, the court indicated that it would give the MARJI Instruction on contributory negligence,[1] to which no objection was made. After the trial judge had instructed the jury, the plaintiffs requested that a supplemental instruction[2] on contributory negligence be given on the grounds that the court's instruction on this subject would allow the jury to find plaintiff Mildred Love (the passenger in the Love vehicle) and plaintiffs Roy Moser and Ola Moser guilty of contributory negligence when there was no evidence to support such a finding. Apparently, the trial court agreed with this contention, for it advised counsel as follows:

"THE COURT: I will give you an instruction since you insist. I will tell the jury that if they find any one particular person was guilty of contributory negligence, that does not necessarily mean that they must find each and every person.

"[PLAINTIFF'S COUNSEL]: Very good. That is better worded than I could have done."

Before the jury, the following transpired:

"THE COURT: The Court further instructs the jury that if you should find from the evidence that one of the parties was contributorily negligent, that does not mean that you must find all of the parties are contributorily negligent."

On appeal, plaintiffs raise only two issues:

(1) Is it fundamental error in a multiple plaintiff lawsuit to give the standard MARJI Instruction on contributory negligence where it could apply to certain plaintiffs and not to others, and did the trial court's supplemental instruction cure such error?

(2) Did the alleged misconduct of defendants and their counsel prejudice the jury against the plaintiffs so as to justify a new trial?

The first argument of plaintiffs is that the giving of the standard MARJI Instruction on contributory negligence (previously quoted in footnote 1) in a multiple plaintiff lawsuit is erroneous and that the supplemental instruction on this subject did not cure the error. The plaintiffs, however, did not object to the giving of the MARJI Instruction and specifically acquiesced in the giving of the supplemental instruction.

---

1. The MARJI Instruction on contributory negligence is as follows:

"If you find that the plaintiff was negligent and that such negligence was a proximate cause of plaintiff's injuries, then your verdict should be for the defendant."

2. The requested supplemental instruction was as follows:

"Ladies and gentlemen of the jury, with respect to my instructions to you on contributory negligence, I instruct you that it is the law applicable in this case that contributory negligence does not constitute a defense to the claims of Mrs. Mildred Love and Mr. and Mrs. Roy Moser."

Rule 51(a), Rules of Civil Procedure, 16 A.R.S., provides in part:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict . . . ."

■ The only exception to this rule is where such an instruction constitutes fundamental error. However, the doctrine of fundamental error in civil cases should be sparingly applied. Ortega v. State, 6 Ariz.App. 356, 432 P.2d 904 (1967), and possibly limited to those cases where the instruction deprives either party of a constitutional right. The instructions complained of here are neither subject to the constitutional infirmities noted in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962), nor in our opinion do they undercut the very foundation of the plaintiffs' causes of action. *See,* Wagner v. Coronet Hotel, 10 Ariz.App. 296, 458 P.2d 390 (1969). The fact that one set of plaintiffs in this action obtained a judgment against the defendants merely underscores this last observation.

■ We therefore hold that the giving of the complained of instructions, not constituting fundamental error coupled with the failure of the plaintiffs to timely object waives their right to have this matter reviewed on appeal.

The second issue raised by the plaintiffs is the alleged misconduct of both counsel for the defendants and the defendant Long and his wife as being so prejudicial as to require a new trial. As we have previously disposed of the "misconduct of the defendant" argument, we turn to the alleged misconduct of counsel. This alleged misconduct consists of defense counsel's opening remarks concerning the promptness with which plaintiffs sought legal counsel after the accident and cross-examination of two witnesses concerning this same subject.

■ The general rule regarding appellate review of the granting or denying of a new trial on the grounds of misconduct of counsel has been aptly stated in E. L. Jones Construction Co. v. Noland, 105 Ariz. 446, 466 P.2d 740 (1970):

"The granting or denying of a new trial on the ground that the conduct of counsel before a jury deprived the defendant of a fair trial is a matter within the sound discretion of the trial court. [citation omitted]. By denying the motion the Court held that the conduct complained of was not so prejudicial, if indeed it was prejudicial at all, as to warrant a new trial. [citation omitted]. Because the trial court had the whole picture before it, it was better qualified to pass on the question than are we."

\* \* \* \* \* \*

"An appellate court will defer to the trial court's ruling as to misconduct of counsel unless it clearly shows the court has abused its discretion." 105 Ariz. at 452, 466 P.2d at 746.

■ In our opinion, the matters complained of do not rise to the level of being clearly prejudicial (again, we are bolstered in this conclusion by the fact that one set of plaintiffs obtained a verdict) and, therefore, we hold that the trial court did not abuse its discretion in denying plaintiffs' motion for a new trial on this basis.

For the foregoing reasons, the judgment of the trial court is affirmed.

EUBANK, P. J., and HAIRE, J., concur.