724 P.2d 591

Forrest C. MacCONNELL, a single man, Plaintiff/Appellant,

v.

MARICOPA COUNTY MEDICAL SOCIETY, an Arizona corporation; Bureau of Medical Economics, an Arizona corporation; Anthony D. Mitten and Jane Doe Mitten, husband and wife; Frederick G. Mitten and Jane Doe Mitten, husband and wife; Gerald Burbach and Jane Doe Burbach, husband and wife; Manual Cypert and Mary Jane Cypert, husband and wife; Neil Ward, M.D. and Jane Doe Ward, husband and wife, Defendants/Appellees.

No. 2 CA-CIV 5675.

Court of Appeals of Arizona, Division 2, Department A.

May 1, 1986.

Review Denied Sept. 9, 1986.

506

David S. Shughart, Phoenix, for defendants/appellees.

Friedman & Caldwell by Steven M. Friedman, Phoenix, for plaintiff/appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant argues that the trial court abused its discretion in granting appellees a new trial. We agree and reverse.

This is an action for defamation. Appellant was employed by appellee Maricopa County Medical Society (Maricopa) for 24 years. Appellant then became an employee of one of Maricopa's competitors. At trial, the jury found that Gerald Burbach, an employee of Maricopa, slandered appellant in a telephone conversation on August 2, 1977, and awarded damages in the amount of $45,000. The dispute on appeal concerns the composition of the jury and the instructions to the jury.

On April 25, 1985, a 10–person jury was selected and sworn. One juror was excused on May 1, 1985, due to a death in her family. Thereafter, counsel agreed that the nine remaining jurors could decide the case. It is disputed, however, whether counsel also decided how many jurors must agree on the verdict. Appellant argues that counsel agreed that six of the nine jurors were necessary for a verdict. Appellee disputes this claim.

At trial, the court instructed the jury as follows:

"When you retire to the jury room, you will choose a foreman who will preside over your deliberations. At least six of you must agree on a verdict. If all nine of you agree on a verdict, only your foreman shall sign the verdict. If six, seven or eight agree on a verdict, all those who agree must sign. I will give you three forms of verdict."

The jury voted six to three in favor of appellant. On July 23, 1985, however, the trial court granted appellee's motion for a new trial finding that it had incorrectly instructed the jury regarding the number of jurors required to reach a verdict. On appeal appellant contends the trial court erred in granting the motion for a new trial because the instruction was proper or, in the alternative, because appellee had waived any error in the instruction by failing to object. Authority to grant a motion for a new trial pursuant to Rule 59(a)(6), Rules of Civil Procedure, 16 A.R.S., is within the court's broad discretion, *Rustin v. Cook*, 143 Ariz. 486, 694 P.2d 316 (App. 1984), and absent a manifest abuse of discretion will not be disturbed on appeal. *Carlton v. Emhardt*, 138 Ariz. 353, 674 P.2d 907 (App.1983).

The general rule in civil cases is that a minimum of three-fourths of the jurors who hear and deliberate a case must agree in order to return a verdict. Ariz. Const. Art. 2, § 23; A.R.S. § 21–102(C). This provision mandates that at least six of eight jurors must concur to render a verdict. The three-fourths requirement is also set forth in Rule 49(a), Rules of Civil Procedure, which provides that if 12 jurors have been empaneled to try an action, at least nine of the jurors must concur to render a verdict. A.R.S. § 21–102(E), however, provides that the parties in a civil case may consent to try the case with or receive a verdict by less jurors than required in A.R.S. § 21–102(C).

The parties dispute whether such an agreement must be evidenced by a stipulation entered in the minutes of the trial court. We do not find that § 21–102(E) contains such a requirement and consent may be given by silence. Therefore, appellee's silence was implicit consent to a lower percentage of jurors pursuant to § 21–102(E).

Additionally, appellant argues that even if there was no consent pursuant to A.R.S. § 21–102(E), appellee waived any objection

by not objecting to the jury instruction at the time it was given. Error is generally waived by a failure to object. See Rule 51(a), Arizona Rules of Civil Procedure; *General Petroleum Corporation v. Barker*, 77 Ariz. 235, 269 P.2d 729 (1954). The rule is inapplicable, however, in the face of fundamental error. See *Tyron v. Naegle*, 20 Ariz.App. 138, 510 P.2d 768 (1973); *Moser v. Mardian Construction Company*, 20 Ariz.App. 27, 509 P.2d 1064 (1973).

█ The instruction given by the trial court stated the jury could return a verdict if as few as six of the nine jurors agreed. Only six of the jurors did agree, resulting in a two-thirds majority verdict which was less than the three-quarters verdict mandated by A.R.S. § 21–102(C) and Rule 49(a). Fundamental error has been defined as error that goes to the foundation of the case or which takes from a party a right essential to his case. *Ruiz v. Faulkner*, 12 Ariz.App. 352, 470 P.2d 500 (1970). Nothing could be more fundamental than the right to a verdict by the required percentage of the jury. We do not find fundamental error inasmuch as even the fundamental right to jury can be waived by silence. See Rule 38(b), Rules of Civil Procedure. The number required for a verdict may be consented to and we find that, in effect, it was, or the right to subsequently complain was waived by silent acquiescence when the opportunity to protest was by-passed. Dissatisfaction with the verdict does not confer post-trial standing to complain of a waived point. We hold the trial court abused its discretion in granting a new trial.

Reversed.

HOWARD, P.J., and FERNANDEZ, J., concur.