**Louis Ernest PIERSON, Respondent,**

**v.**

**Marvin Hollis ALLEN, Appellant.**

**No. 51677.**

Supreme Court of Missouri,
Division No. 1.

Nov. 14, 1966.

Motion for Rehearing or to Transfer to Court
En Banc Denied Dec. 12, 1966.

Adolph K. Schwartz, St. Louis, for respondent.

Robert W. Wilson and Robert E. Keaney, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for appellant.

HIGGINS, Commissioner.

Action by respondent for $16,000 damages for personal injuries; counterclaim by appellant for $16,128.01 damages for personal injuries and property damage, and appeal from dismissal of the counterclaim with prejudice.

Respondent's petition was filed on or about May 16, 1958; appellant's answer was filed June 19, 1958, and his counterclaim July 3, 1958; respondent's answer to counterclaim and reply to answer were filed July 14, 1958. Respondent amended his petition August 12, 1958, and appellant refiled his answer August 26, 1958. "Stipulation For Dismissal Of Plaintiff's Cause of Action (Counterclaim Remains Pending)," executed by attorneys for the parties, was filed November 21, 1958, as follows:

"It is hereby stipulated and agreed, by and between plaintiff and defendant, that plaintiff's cause of action shall be dismissed with prejudice to any other or future action on account of the matters and things contained and set forth in plaintiff's petition, and that court costs relative to this dismissal shall be paid by defendant.

"It is further stipulated and agreed, by and between plaintiff and defendant, that defendant's counterclaim which is pending in this cause shall not be affected by the dismissal of plaintiff's cause of action, and that said counterclaim shall remain alive and active; and that the caption of said cause and the designation of parties shall be amended to show Marvin Hollis Allen as plaintiff, and Louis Ernest Pierson as defendant."

Throughout all the foregoing, respondent was represented by the law offices of Limbaugh & Limbaugh, by either Rush H. Limbaugh or Stephen N. Limbaugh. Respondent's present counsel, Adolph K. Schwartz, entered his appearance in defense of the counterclaim on behalf of respondent and his insurer, MFA Insurance Company, December 16, 1958, and he filed an amended answer to appellant's counterclaim as of March 12, 1959, which pleaded estoppel as a result of compromise settlement as a further defense to the counterclaim which came on for trial March 17, 1959.

On the day of trial, March 17, 1959, appellant moved to redesignate himself as plaintiff and respondent as defendant in line with the stipulation which disposed of respondent's petition. Mr. Schwartz objected on the theory that neither respondent nor his insurer consented to the stipulation. A lengthy colloquy ensued as to the difficulties presented by respondent's motion and the cause was laid over until March 18, 1959, with the motion unresolved.

On March 18, 1959, respondent filed motions to set aside an order striking the defense of estoppel from his answer to the counterclaim, to strike the second paragraph of the stipulation for dismissal of plaintiff's petition, and to dismiss, or for judgment on, the counterclaim. These matters were taken up in chambers and respondent testified in support of them. He testified that he hired Rush Limbaugh of Cape Girardeau to file his suit; that he agreed to a settlement of his case for $9,500; that he and his wife signed a release and received their money. He said that he did not see the stipulation; that he did know he still had a lawsuit to defend; that he did not authorize Stephen N. Limbaugh to make it, and that "they" did not ask his permission to let the counterclaim remain alive. On cross-examination he admitted that he authorized Mr. Limbaugh to file a petition for him without reading or signing it; that he did not know of his amended petition; that he never saw the counterclaim or the answer filed to it; that he placed no restrictions on his attorneys' actions; that he did not read the release but signed where his attorney told him to sign; that he notified his insurance company about the accident. "At the time we signed the release, when he told us how much they were going to make this, he said that this man might come back with a counterclaim." The release executed by

appellant and his wife provided: "It is understood and acknowledged that said payment is made in consequence of a claim for damages having been asserted by us, and any compromise thereof, and said payment is not to be construed as an admission of liability on the part of any party hereby released for the accidental injuries and damages above described and referred to."

In order to procure testimony from Mr. Stephen N. Limbaugh the case was laid over until March 23, 1959, and it was continued from time to time thereafter until May 5, 1965, at which time Mr. Limbaugh testified that in the course of handling respondent's lawsuit he filed an answer to appellant's counterclaim, told respondent about the counterclaim and discussed it with him. "I discussed with him the various facets of the litigation; that would include the claim and counterclaim, and I advised him as to what I thought would be the procedure he should follow, and as I recall it, he accepted my advice." In negotiating the settlement he consulted respondent about leaving the counterclaim outstanding "and it was agreeable with him to go ahead with it on that basis." He identified the stipulation in evidence as the stipulation he executed on behalf of respondent for the settlement of respondent's claim leaving appellant's counterclaim outstanding. He was never employed by MFA in connection with the suit.

On June 21, 1965, the court entered an order dismissing respondent's counterclaim with prejudice; no reason was given.

■ Except for reversal of the parties' relation to each other, this case is akin to Portell v. Pevely Dairy Co., Mo., 388 S.W. 2d 790, and is governed, as that case was, by the rule of Kirtley v. Irey, Mo., 375 S.W.2d 129, 134: " '[A] liability insurer's settlement of a claim against the insured, made without the insured's consent or against his protests of nonliability, and not thereafter ratified by him, will not ordinarily bar an action by the insured against the person receiving the settlement, on a claim arising out of the same state of facts.' " Annotation 32 A.L.R.2d 937, 938. Myrtie Portell sued Pevely and one Bannon for damages arising from a collision between her automobile and Pevely's truck driven by Bannon, and Bannon counterclaimed for damages. Jury trial resulted in a verdict against plaintiff on her action and for Bannon on his counterclaim. While Mrs. Portell's appeal from the judgment in favor of Bannon on his counterclaim was pending, a stipulation, signed by attorneys for Portell and Bannon was filed for the dismissal of Bannon's counterclaim, which read: "By consent of the parties, judgment for defendant Bannon on his counterclaim set aside and for naught held. All matters in controversy in regard to said counterclaim having been settled said counterclaim is dismissed with prejudice with the express stipulation and agreement that said dismissal will in no manner affect or prejudice plaintiff's claim now pending." 388 S.W.2d 1. c. 791. Pevely's motion to dismiss the appeal, which was overruled, was urged on the same theory advanced by appellant here, i. e., that the dismissal with prejudice operated as an adjudication on the merits, and that the settlement of the counterclaim operated to release Pevely. Plaintiff's attorney stated that he was the attorney for plaintiff's insurance carrier and represented her only on Bannon's counterclaim and not on her claim for personal injuries. He consulted neither the plaintiff nor the attorney representing her on her claim regarding the stipulation, although he did inform the latter of the intention to settle the counterclaim.

■ In this case, appellant's attorneys were employed by his insurer in defense of respondent's petition and represented him personally on his counterclaim. They arrived at an apparently satisfactory and desirable settlement of respondent's claim; on behalf of appellant personally, they took a release containing specific protest of nonliability and entered into a stipulation expressly providing for continuation of appellant's own claim in order to prevent

the very question now raised by respondent. Respondent, too, was in the hands of competent counsel and obviously got what he wanted, and in no way does it appear, nor does respondent claim to have been overreached by appellant's counsel. Certainly, none of the evidence pointed to any fraud, duress or mistake in the execution of the stipulation which would invalidate it, and there was no attempt on respondent's part to have the stipulation modified or set aside within thirty days of its entry, Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001, 1004[2, 3], even though respondent's insurer through present counsel entered the case within thirty days of the result the stipulation accomplished. Appellant has not yet ratified or admitted any claim or allegation of negligence or fault in respect to the matters alleged by respondent in his action, and only those matters have been adjudicated which bar respondent from further action on his petition, the issues raised by appellant's counterclaim having been expressly reserved for future adjudication.

■■■ The dismissal of appellant's counterclaim and respondent's position overlook the dignity and effect accorded a stipulation of the type used here. "A stipulation is an agreement between counsel with respect to business before a court, and is not one of the usual pleadings, but is a proceeding in the cause and as such is under the supervision of the court * * *." 83 C.J.S. Stipulations § 1, p. 2. They are controlling and conclusive, and courts are bound to enforce them. Burstein v. United States, 8 Cir., 232 F.2d 19, 22[3]; Keller v. Keklikian, supra, 244 S.W.2d 1. c. 1004 [2, 3]; Landers v. Smith, Mo.App., 379 S.W.2d 884. The last case presented the circumstances of this case with the exception that the right to file an original petition was reserved rather than the right to continue a counterclaim in force. Smith sued Landers and the case was dismissed by a stipulation signed by former counsel of both parties providing for dismissal of plaintiff's petition with prejudice and pro-

viding further "That, however, such dismissal with prejudice of plaintiff's petition * * * shall not foreclose, change, modify, affect or prejudice the rights and causes of action, if any, of Gerson V. Landers, * * * nor the rights and causes of action, if any, of the State Farm Mutual Automobile Insurance Company in the subrogation clause of its policy of insurance with the said Gerson V. Landers." 379 S.W.2d 1. c. 886. Thereafter, Landers instituted the present suit and summary judgment was awarded defendant on the theory that plaintiff did not file his compulsory counterclaim in the first action and was barred from maintaining his own suit by the dismissal with prejudice of Smith's suit. In reversing the judgment the court made observations peculiarly appropriate to this case: "A stipulation should be interpreted in view of the result which the parties were attempting to accomplish * * * and it seems plain beyond question that when the stipulation was executed, the parties had in mind that Landers might assert some kind of claim arising out of the same accident at a later date, and agreed that he might do so. Mr. Landers' claim was expressly reserved in the stipulation under consideration; its provisions are in no sense as broad and inclusive as those found in the Keller case [Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001] and the Max case [Max v. Spaeth, Mo., 349 S.W.2d 1], both of which recited that '[a]ll of the matters and things in controversy' had been settled. Stipulations varying or altering trial procedure, or waiving the benefit of procedural statutes, have been consistently enforced by our courts in the absence of any claim of fraud, duress or mistake, and we can perceive no sound reason why the respondent should not now be held to what she has stipulated." 379 S.W.2d 1. c. 888 [7-9]. And in Rudloff v. Johnson, 8 Cir., 267 F.2d 708, a stipulation for dismissal of plaintiff's petition, which "made no mention of the counterclaim, but rather cited '* * * that this cause shall be dismissed, with prejudice to any other or future action on account of the matters and things con-

tained and set forth *in plaintiff's petition* * * *,'" was held not to carry dismissal of the counterclaim with it because it specifically related only to those matters in the petition without reference to the pending counterclaim.

Under these circumstances and authorities appellant is not to be deprived of his day in court by a proper compromise of respondent's claim which expressly reserved to appellant his right to continue with his counterclaim.

This is not a case where, if appellant recovers a jury verdict, both parties will have been permitted to recover for the negligence of the other because respondent's recovery was had upon a release which prohibited construing the settlement as an admission of liability; whereas a jury verdict in favor of appellant would be an adjudication of liability on respondent.

In asserting his contention that the dismissal of the petition was an adjudication on the merits which barred respondent's counterclaim, respondent emphasizes only the dismissal provision of the stipulation and avoids giving meaning to the entire stipulation. He relies on Keller v. Keklikian, supra; Max v. Spaeth, Mo., 349 S.W. 2d 1, England v. Yellow Transit Co., 240 Mo.App. 968, 225 S.W.2d 366, and Eberting v. Skinner, Mo.App., 364 S.W.2d 829. The distinction drawn as to the first two cases in Landers v. Smith, supra, is sufficient for distinguishing all those cases from this case because in none of them was there a reservation of the settling party's right to pursue his own cause of action.

Accordingly, the judgment is reversed and the cause remanded.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.