Robert E. WHYZMUZIS and Sara E. Whyzmuzis, Appellants/Respondents

v.

The PLAZA SHOE STORE, INC., Respondent/Appellant.

Nos. 18287, 18321.

Missouri Court of Appeals, Southern District, Division One.

Aug. 10, 1993.

Lloyd J. Carmichael, Lynn C. Rodgers, Hall, Ansley, Carmichael & Gardner, Springfield, for appellants.

Thomas W. Millington, Schroff, Glass & Newberry, P.C., Springfield, for respondent.

PARRISH, Chief Judge.

In No. 18287 Robert E. Whyzmuzis and Sara E. Whyzmuzis (plaintiffs) appeal from a summary judgment that was entered for The Plaza Shoe Store, Inc. (defendant), on plaintiffs' claim for $5,959.01 representing real estate taxes for 1990 on leased premises occupied by defendant. In No. 18321 defendant appeals from the same summary judgment. Defendant's appeal is directed to the trial court's denial of its counsel's request for award of attorney fees from plaintiffs. This court reverses and remands.

Plaintiffs brought this action based on a stipulation and consent decree entered in a prior lawsuit. The prior lawsuit was an action for declaratory judgment. It sought determination of defendant's right to occupy certain real estate that is now owned by plaintiffs. A settlement agreement was reached November 13, 1990, the date the case was set for trial. A transcript of the stipulation that was entered in the prior lawsuit is part of the legal file in No. 18287. In presenting the stipulation in the previous case, the attorney for defendant stated:

> We have reached a settlement agreement that we would like to announce for the record. We propose to submit to the court in the following hearing today a consent decree that will reflect these terms, but we wanted to make a record of it while all the parties are present.

Following the announcement, the attorneys dictated the terms of the stipulation. At a later date, the court entered a consent decree [1] that was prepared by the parties.[2] It included:

---

**1.** The consent decree was not filed until January 25, 1991. The parties to these appeals have not claimed that the date of its entry affects the issues they now raise. They refer to the date when the settlement agreement was reached in the prior case, November 13, 1990, for purposes of addressing the issues on appeal. This court shall do the same.

**2.** The attorneys for all parties in the prior case signed the consent decree to acknowledge that it was "approved as to form and substance."

All parties to this action for themselves, their successors, predecessors, assigns, officers, directors and shareholders agree to dismiss with prejudice all claims which they now have against each other, whether asserted or unasserted, and whether known or unknown, and whether the same are, or would be properly denominated as a petition, counterclaim, crossclaim or any amendments thereto. It is the express agreement of the parties to this action that all claims which they now have, have asserted, or have not asserted, and whether known, or unknown, are hereby expressly waived and released hereinafter and that all outstanding claims, whether asserted, or unasserted, for money due and owing or alleged to be due and owing for the enforcement of any rights in personal or real property of any type, kind or nature whatsoever, shall, by this agreement, be deemed forever released and discharged and/or dismissed with prejudice.

The consent decree further provided that defendant was "deemed the proper lessee" with respect to the lease in question; that terms for the lease as it would thereafter exist were "subject to the same terms and conditions as the original lease document." The decree stated:

In accordance with the original lease terms, the lessee, Plaza Shoe Store, Inc., shall be obligated to pay all such maintenance expense, costs of improvements, all insurance expense and all real property taxes due on the property at 1848 S. Glenstone, Springfield, Missouri....

On the date of the stipulation, November 13, 1990, real estate taxes had not been paid for 1990. The lessor, plaintiffs' predecessor in interest, paid the real estate taxes December 27, 1990. Thereafter, plaintiffs purchased the leased premises. Defendant had not reimbursed plaintiffs' predecessor in interest for the 1990 real property taxes. Plaintiffs' predecessor in interest assigned all rights and interest in the leased premises, including the right to be reimbursed for 1990 real property taxes, to plaintiffs.

Plaintiffs brought this action to recover the amount of the 1990 taxes.

### No. 18287

Plaintiffs present one point on appeal. They contend the trial court erred in granting summary judgment in favor of defendant because it "erroneously declared the law with regard to the payment of real property taxes" in holding that the 1990 real estate taxes constituted a claim that the lessor of the property had against defendant on November 13, 1990.

Mo. Const. art. X, § 3, provides, "All taxes shall be levied and collected by general laws and shall be payable during the fiscal or calendar year in which the property is assessed."

Section 137.075 [3] states:

Every person owning or holding real property or tangible personal property on the first day of January, including all such property purchased on that day, shall be liable for taxes thereon during the same calendar year.

The trial court concluded that because § 137.075 designates the person who owns a particular tract of real estate on January 1 of the year for which real estate taxes are assessed as the one liable for the taxes for that year,[4] the real estate taxes on the leased premises for 1990 constituted a claim at the time the prior lawsuit was settled—November 13, 1990. By the terms of the stipulation by which the prior lawsuit was settled, as embodied in the consent decree, the parties "waived and released ... all outstanding claims, whether asserted, or unasserted, for money due and owing or alleged to be due and owing for the enforcement of any rights in personal or real property of any type, kind or nature whatsoever." The claims were "forever released and discharged." The trial court, in granting the summary judgment, held that defendant's obligation to pay the real estate taxes for 1990 was one of the claims that had been discharged.

---

**3.** References to statutes are to RSMo 1986.

**4.** § 137.080 requires real estate and tangible personal property "to be assessed annually."

The effect of a stipulation is explained in *Pierson v. Allen,* 409 S.W.2d 127 (Mo. 1966).

"A stipulation is an agreement between counsel with respect to business before a court, and is not one of the usual pleadings, but is a proceeding in the cause and as such is under the supervision of the court * * *." 83 C.J.S. Stipulations § 1, p. 2. They are controlling and conclusive, and courts are bound to enforce them.

*Id.* at 130. However, *Pierson* further states, quoting from *Landers v. Smith,* 379 S.W.2d 884, 888 (Mo.App.1964), " 'A stipulation should be interpreted in view of the result which the parties were attempting to accomplish * * *.' " 409 S.W.2d at 130.

The result that the stipulation in the prior lawsuit sought to accomplish was for defendant to continue occupying the leased premises subject to the terms of a previously existing lease, with modifications. In addition to identifying defendant by its corporate name as named lessee, the modifications included adding the correct legal description for the leased premises and changing the amount of rent that would thereafter be paid. No change was made in the provision of the lease that required the lessee, the defendant, to pay property taxes.

Defendant was required to "pay all taxes ... on said property" notwithstanding that by the terms of the applicable statute, § 137.075, the owner of the premises, as of January 1 of any year, was liable for that year's taxes. If defendant did not pay the taxes, the lessor of the premises had a claim against it for breach of the provision of the lease that required defendant to pay real estate taxes. Since the real estate taxes on the leased premises would not become delinquent unless they "remain[ed] unpaid on the first day of January" of the following year, § 140.010, defendant had until December 31, 1990, in which to pay them. On November 13, 1990, defendant's lessor, plaintiffs' predecessor in interest, did not have a claim against defendant for unpaid real estate taxes for 1990.

The trial court equated plaintiffs' claim against defendant for the amount of the 1990 real estate taxes (that was based on the terms of the lease) with plaintiffs' statutory liability for payment of the taxes. They are not the same. The lawsuit that is the subject of this appeal seeks recovery for defendant's breach of the provision of the lease that required it to pay 1990 real estate taxes. Defendant's contractual obligation to pay the 1990 real estate taxes that was created by the terms of the lease was not released by the November 13 agreement.

Plaintiffs' point is well-taken. The summary judgment in favor of defendant on plaintiffs' claim for the amount of 1990 property taxes must be reversed.

*No. 18321*

Defendant, in its appeal, contends the trial court erred in denying its request for attorney fees. Defendant argues the trial court erred in denying its request because its right to receive attorney fees was a contractual right, not a right the trial court had discretion to deny. The contractual provision defendant relies upon provides:

In the event of any dispute resulting in litigation of any type, kind or nature whatsoever, relative to the lease agreement set forth within this consent decree between Plaza Shoe Store, Inc., as lessee and Rolland L. Comstock, trustee [plaintiffs' predecessor in interest], as lessor, or his successors in interest, then, the prevailing party in such litigation, shall be entitled to recover all court costs, including filing fees, deposition costs and attorney's fees incurred during the course of such litigation by and between the lessee and lessor, or lessor's successors in interest.

Defendant's appeal is rendered moot by reason of the disposition in No. 18287. Since the summary judgment in favor of defendant must be reversed, defendant is not the prevailing party. Defendant's point is denied.

The summary judgment is reversed.[5] The case is remanded for further proceedings.

CROW, P.J., and SHRUM, J., concur.

---

**5.** Plaintiffs filed a Motion to Dismiss Appeal for Failure to Comply with Rules of Appellate Procedure in No. 18321 that was taken with the case. That motion is likewise rendered moot by the decision of this court in No. 18287.