M. P., Respondent,

v.

MISSOURI DEPARTMENT OF SO-
CIAL SERVICES, DIVISION OF
FAMILY SERVICES, Appellant.

A. W., Respondent,

v.

Missouri Department of Social
Services, Division of Family
Services, Appellant.

C. S., Respondent,

v.

Missouri Department of Social
Services, Division of Family
Services, Appellant.

F. A., Respondent,

v.

Missouri Department of Social
Services, Division of Family
Services, Appellant.

Nos. SC 85834, SC 85835,
SC 85836, SC 85837.

Supreme Court of Missouri,
En Banc.

Oct. 26, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel E. Anderson, Asst. Atty. Gen., Mark A. Gutchen, Jefferson City, for Appellant.

Timothy Belz, Al W. Johnson, St. Louis, MO, for Respondents.

PER CURIAM.

M. P., A. W., C. S., and F. A. were subject to an investigation by the division

of family services. As a result of the administrative investigation, they were included in the division's "central registry," which identifies perpetrators of either child abuse or neglect or both. Upon judicial review of the administrative action, the trial court concluded there was no credible or believable evidence to support the allegations of abuse or neglect. Upon the basis of its conclusion, the court ordered the division to remove and expunge the names from the central registry. Because no party appeals this portion of the judgment, it is affirmed.

 In addition to seeking removal of their names from the central registry, respondents allege that the child abuse act, sections 210.110 et seq., RSMo 2000, is unconstitutional. The trial court examined the issue and found the statutory scheme mandated by chapter 210 was unconstitutional on its face.

However, several provisions of chapter 210, RSMo 2000, are changed by Conference Committee Substitute for Senate Substitute for Senate Committee Substitute for House Substitute for House Committee Substitute for House Bill No. 1453, 92nd General Assembly, effective August 28, 2004. Where a new enactment supersedes the statute on which the litigants rely to define their rights, the appeal no longer represents an actual controversy, and the case is moot. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 454 (Mo. banc 1994). Furthermore, once the court ordered the division to remove and expunge the respondents' names from the central registry, the respondents received complete relief. For these reasons, the portion of the judgment relating to the constitutional validity of chapter 210 is vacated.

The trial court also assessed costs against the division. The parties do not contest that this is incorrect. The law is well established that costs cannot be assessed against state agencies or state officials absent express statutory authority. *Richardson v. State Highway & Transp. Comm'n*, 863 S.W.2d 876, 882 (Mo. banc 1993). No such authority applicable to this case is found. That portion of the judgment assessing costs against the division is reversed.

Judgment affirmed in part, vacated in part, and reversed in part.

WHITE, C.J., WOLFF, STITH, PRICE, TEITELMAN and LIMBAUGH, JJ., and BLACKMAR, Sr.J., concur.

RUSSELL, J., not participating.