**In the Matter of Floyd O. PATRICK, Jr., Respondent,**

v.

**MISSOURI DEPARTMENT OF HEALTH AND SENIOR SERVICES, Appellant.**

**No. WD 66993.**

Missouri Court of Appeals, Western District.

Jan. 16, 2007.

Kathleen R. Robertson, Jefferson City, MO, for Appellant.

Deborah K. Riekhof, Glasgow, MO, for Respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE, and JOSEPH M. ELLIS, JJ.

THOMAS H. NEWTON, Presiding Judge.

The Department of Health and Senior Services (Department) filed a petition for the appointment of a guardian and conservator for Floyd O. Patrick, Jr. The Department requested the appointment of the Howard County Public Administrator, asserting that Mr. Patrick had a bipolar affective disorder and paranoia and was unable to receive information related to food, shelter, and financial resources. Thereafter, the Department moved to dismiss the petition. The trial court issued a dismissal order and assessed the costs against the Department under section 514.170 [1]. The trial court found that section 475.085 [2] did not require the costs to be assessed against Howard County because the Department dismissed the petition before an adjudication of Mr. Patrick's incapacity or disability had been made. The Department appeals the assessment of costs against the Department.

We will sustain the judgment in a court-tried case, unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court erred when it assessed costs against the Department because it misapplied the law.

Section 514.170 provides for a defendant to recover the costs from the plaintiff where the plaintiff dismissed the suit. Mr. Patrick contends that this statute provides for a recovery from the state for the costs associated with the dismissed action. Without express statutory authority, costs cannot be assessed against state agencies. *M.P. v. Mo. Dep't of Soc. Servs.*, 147 S.W.3d 765, 766 (Mo. banc 2004). We strictly construe purported waivers of sovereign immunity. *Richardson v. State Highway & Transp. Comm'n*, 863 S.W.2d 876, 882 (Mo. banc 1993). Sovereign immunity applies to state agencies. *See id.* The Missouri legislature has explicitly waived immunity in the past. *Id.* Section 514.170 [3] has no language explicitly waiving state immunity; thus, section 514.170 does not apply to the Department, and the costs were incorrectly assessed against the Department.

Because section 514.170 does not apply to the state, we reverse the order assessing costs against the Department in this matter.

PATRICIA A. BRECKENRIDGE, and JOSEPH M. ELLIS, JJ. concur.

---

1. All statutory references are to RSMo (2000) and the Cumulative Supplement (2005).

2. § 475.085 provides for the assessment of costs in proceedings as to disability or incapacity.

3. Section 514.170 is a general statute authorizing the defendant in a civil case to recover costs against a plaintiff who has dismissed its suit.