**Mary Patricia HESSEL, Respondent,**

v.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, CHILDREN'S DIVISION, Appellant.**

**No. ED 99340.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 23, 2013.

Rehearing Denied June 26, 2013.

Chris Koster, Attorney General, Gary Lee Gardner, Assistant Attorney General, Jefferson City, MO, for Respondent.

Nathan S. Cohen, St. Louis, MO, for Appellant.

KURT S. ODENWALD, Judge.

## Introduction

Missouri Department of Social Services, Children's Division ("Division") appeals from the trial court's judgment ordering the Child Abuse and Neglect Review Board ("CANRB") to review Division's de-

termination that Mary Hessel ("Hessel") committed child neglect, and ordering Division to remove Hessel's name from a registry of persons determined to have committed child abuse or neglect. CANRB refused to review Division's determination that Hessel committed child neglect because CANRB alleged that an earlier court adjudication concerning the same facts deprived CANRB of jurisdiction over the matter. The trial court granted summary judgment to Hessel on the ground that Hessel was deprived of due process during the prior court proceedings. Because CANRB does not have statutory jurisdiction to review Division's decision, we vacate the trial court's judgment and remand for further proceedings.

## Factual and Procedural History

The parties do not dispute the underlying facts of this case. On October 25, 2010, Hessel was driving a vehicle occupied by her minor children when she was involved in an accident. An investigation at the scene determined that Hessel had a blood alcohol level in excess of the legal limit. Hessel's accident prompted a hotline call that reported the incident as possible child neglect. On November 4, 2010, Division investigated the hotline call, and found that the allegations of child neglect were true. Under Section 210.152.4,[1] Hessel timely requested that CANRB review Division's determination that Hessel committed neglect. CANRB initially granted review of Division's decision and set a review date for March 23, 2011.

On December 22, 2010, in a separate action, the St. Louis County Juvenile Office filed child in need of care petitions in the Family Court of St. Louis County (hereinafter "Family Court") for each of Hessel's minor children. The Family Court held that Hessel had neglected to

---

1. All statutory references are to RSMo. Cum. Supp. (2011).

provide necessary care for her minor children when she drove while intoxicated with her children in the vehicle during the October 25, 2010 accident. The record reflects that Hessel was present and represented by legal counsel during the Family Court adjudication. Hessel's name was subsequently placed on the central registry.[2] The record does not clearly establish whether the basis of Division's action in placing Hessel's name on the central registry was its own determination of neglect, or the Family Court order. On January 7, 2011, CANRB sent Hessel a letter stating that due to the Family Court adjudication, CANRB was without power to review Division's determination of neglect.

Hessel subsequently filed a petition against Division in the trial court. Hessel requested that the trial court either order CANRB to review Division's determination, or, in the alternative, that the trial court conduct *de novo* review of the allegations of neglect. Division filed a motion to dismiss Hessel's action, asserting two separate grounds for dismissal. First, Division argued that the existence of the Family Court order statutorily deprived CANRB of jurisdiction to review Division's finding. Division argued that dismissal of Hessel's petition was warranted because she requested CANRB review as a form of relief, and such review was unavailable. Second, Division alleged that Hessel's action should be dismissed because the Family Court order precluded subsequent *de novo* review of the same legal issues by the trial court. The parties both submitted filings and exhibits relative to Division's motion to dismiss, thereby converting Division's motion to dismiss into a motion for summary judgment. *Deeken v. City of St. Louis,* 27 S.W.3d 868, 870 (Mo.App. E.D.

2000). The trial court issued a judgment that Hessel was entitled to CANRB review because the Family Court proceedings provided Hessel insufficient due process to justify placing her name on the central registry. Therefore, the trial court ordered CANRB to conduct a hearing reviewing Division's determination of neglect, and that Hessel's name be removed from the central registry.

The trial court also ruled on Division's claim that the Family Court order precluded *de novo* review by the trial court, stating:

> [Division] in its request to dismiss the petition cites collateral estoppel, among other things. [Division] does not sufficiently or within the meaning of the statute provide a basis to deny the timely hearing request made by [Hessel]. "Prior adjudication," does not foreclose [Hessel] of the opportunity to confront the evidence that would be presented against her for the purposes of determining [whether] her name would be appropriate for inclusion in the [central registry].

Accordingly, in its judgment the trial court held that the Family Court ruling did not preclude either CANRB review or *de novo* trial court review, and denied in its entirety Division's motion to dismiss.

Division now appeals the trial court's judgment ordering CANRB to review Division's finding of neglect, and ordering Division to remove Hessel's name from the central registry pending CANRB review. Division does not assert a separate point appealing the trial court's ruling that the Family Court order does not preclude *de novo* review by the trial court of Hessel's petition. Accordingly, that part of the trial court's judgment is affirmed. *See M.P.*

**2.** Central registry is a non-public list of persons Division has determined to have committed child abuse or neglect. Sections 210.110(3) and 210.150.2. Access to the central registry is available to, in part, employers screening job applicants for positions involving contact with children. *See, e.g.,* Section 210.150.2(8).

*v. Missouri Dep't. of Soc. Serv.*, 147 S.W.3d 765, 766 (Mo. banc 2004).

### Point on Appeal

In its sole point on appeal, Division contends that the trial court erred in ordering CANRB to review Division's determination that Hessel committed neglect, and ordering Division to remove Hessel's name from the central registry. Division asserts that the trial court's judgment was erroneous in that CANRB lacks the statutory authority to review Division's determination given the related adjudication by the Family Court.

### Standard of Review

We review the entry of summary judgment *de novo*. *Rice v. Shelter Mut. Ins. Co.*, 301 S.W.3d 43, 46 (Mo. banc 2009). We review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will affirm where the pleadings, depositions, affidavits, answers to interrogatories, exhibits, and admissions establish that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beyerbach v. Girardeau Contractors, Inc.*, 868 S.W.2d 163, 165 (Mo.App. E.D.1994). On appeal, we give no deference to the trial court's conclusions of law. *ITT*, 854 S.W.2d at 376.

### Discussion

**I. The trial court erred in granting summary judgment to Hessel.**

 CANRB is a statutorily-defined independent board created for the purpose of reviewing Division's determinations of whether child abuse or neglect has occurred. Sections 210.152 and 210.153. As a statutory creation, CANRB is constrained by its articulated statutory authority. *State ex rel. MoGas Pipeline,*

*LLC v. Missouri Pub. Serv. Comm'n.*, 366 S.W.3d 493, 496 (Mo. banc 2012). Section 210.153.8 limits the authority of CANRB to review Division determinations as follows:

Findings of probable cause to suspect prior to August 28, 2004, or findings by a preponderance of the evidence after August 28, 2004, of child abuse and neglect by [Division] *which are substantiated by court adjudication shall not be heard by [CANRB]*.

Section 210.153.8. (emphasis added).

Applying the jurisdictional limitations of CANRB to the facts of this case, the question before this Court is whether Division's finding of neglect was substantiated by the adjudication of the Family Court within the meaning of Section 210.153.8. If Division's findings were substantiated by the Family Court order, then Section 210.153.8 specifically deprives CANRB of any jurisdiction to review Division's determination of neglect. After careful review, we find the Family Court adjudication substantiates the finding by Division, and, therefore, CANRB was deprived of statutory authority to conduct further review.

Division's investigation was initiated after a hotline call reported Hessel's accident. Division responded to the hotline report and conducted an investigation. Division found that Hessel was in an accident as described in the initial report, Hessel was driving while intoxicated at the time, and her minor children were also in the vehicle. The record before this Court indicates that, based on these findings, Division determined by a preponderance of the evidence that Hessel committed neglect during her October 25, 2010 accident.

The parallel action before the Family Court was based upon precisely the same facts. During the pendency of the proceedings before it, the Family Court issued its "Findings of Court Regarding Abuse/Neglect." In it the Family Court held:

[Hessel] neglected to provide care necessary for [her minor children's] well-being in that on or about 10/25/10 in St. Louis County, Missouri, following a motor vehicle accident, [Hessel's] blood alcohol contents were .12 and .10. [Hessel] was the driver of the vehicle and [her minor children were] in the vehicle at the time of the accident.

■ The Family Court's determinations were based upon the same facts and legal considerations as Division's finding. When interpreting a statute, our primary goal is to give effect to the legislative intent of the statute. *MoGas Pipeline*, 366 S.W.3d at 498. In the absence of any statutory definition, words are given their plain and ordinary meaning. *Id.* Although the terms are not defined by any relevant Missouri statute, we decline to hold that the phrase "court adjudication" and the word "substantiate" do not apply to an order from the Family Court finding that neglect occurred as the result of the same facts at issue before the trial court. Although we do not decide what effect any procedural due process deficiencies at the Family Court may have on the availability of *de novo* review by the trial court, any such deficiencies do not create jurisdiction for CANRB to review Division's determination where the authorizing statute specifically removes it. Therefore, under the plain meaning of Section 210.153.8, the Family Court's order constitutes a court adjudication of facts that substantiate the finding of Division that Hessel committed child neglect on October 25, 2010. *See* Section 210.153.8.

Given the Family Court's substantiation of the facts essential to Division's finding of neglect, CANRB was specifically deprived of jurisdiction to review Division's determination. *Id.* Accordingly, the trial court erred in ordering CANRB to review Division's determination of neglect. Because CANRB is not permitted to review

Hessel's case, the trial court also erred in ordering Division to remove her name from the central registry. *See* Section 210.110(3). Point granted.

*Conclusion*

We vacate the trial court's order granting of summary judgment in favor of Hessel, ordering CANRB to review Division's determination, and ordering Division to remove Hessel's name from the central registry. The trial court's order denying Division's motion to dismiss Hessel's action on the basis that the trial court is precluded from conducting *de novo* review is unchallenged in this appeal, and is therefore affirmed. We remand for further proceedings consistent with this opinion.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., Concur.